**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Thomas H. Shunk** (Ohio Bar No. 0025793)
TShunk@bakerlaw.com
(*pro hac vice* application to be filed)
**Christina J. Moser** (Ohio Bar No. 0074817)
cmoser@bakerlaw.com
(*pro hac vice* application to be filed)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **GOOGLE INC.,**<br><br>                Plaintiff,<br><br>v.<br><br>**TRAFFIC INFORMATION LLC,**<br><br>                Defendant. | No. Cv 09-642-HU<br><br>**COMPLAINT FOR DECLARATORY RELIEF IN PATENT CASE** |

Plaintiff Google Inc. ("Google") states as follows for its Complaint against defendant Traffic Information, LLC ("Traffic"):

1- COMPLAINT FOR DECLARATORY RELIEF

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

91004-0005/LEGAL16318236.2

## JURISDICTION AND NATURE OF THE CASE

1.  Google is a corporation organized and operating under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.

2.  Upon information and belief, Traffic is a limited liability company organized and operating under the laws of the State of Texas with its principal place of business at 601 SW 2nd Ave Ste 1600, Portland, OR 97204-3157, where one of the inventors of the patents in suit, Kevin Russell, who also prosecuted the applications that resulted in said patents and is a manager of Traffic, maintains his office.

3.  This Court has jurisdiction over the subject matter of this action under Title 35 of the United States Code, as well as pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201 and 2202, on the grounds that Google seeks a declaration of its rights against threats of patent infringement litigation made by Traffic concerning one of Google's products, Google Maps™, directly to T-Mobile USA, Inc. ("T-Mobile"), a customer of Google, in *Traffic Information, LLC v. AT&T Mobility LLC, et al.*, E. D. Tex. Case No. 2:09cv083 (the "T-Mobile Litigation").

4.  Upon information and belief, this Court has personal jurisdiction over Traffic because Traffic is based in and conducts business from the State of Oregon.

5.  Venue is proper in this Court by virtue of 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district. Venue is further proper because Traffic is subject to personal jurisdiction in this judicial district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

6.  Google's mission is to organize the world's information and make it universally accessible and useful. To promote this mission, Google offers a variety of innovative tools and services to customers including Google Maps, which allows users to view maps and get directions. Google Maps includes a feature that shows traffic conditions on a map.

2- COMPLAINT FOR DECLARATORY RELIEF

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

91004-0005/LEGAL16318236.2

7.   On March 20, 2009, Traffic filed the T-Mobile Litigation against multiple defendants in the Eastern District of Texas. The lawsuit alleges infringement of patents owned by Traffic that are titled "System for Providing Traffic Information," specifically, U.S. Patent No. 6,466,862 ("the '862 Patent"), issued October 15, 2002, and U.S. Patent No. 6,785,606 ("the '606 Patent"), issued August 31, 2004, (collectively, the "Traffic Patents"). Upon information and belief, Traffic claims to own all right, title, and interest in and to the Traffic Patents.

8.   Upon information and belief, Traffic notified T-Mobile that the "traffic feature" of Google Maps allegedly infringes the Traffic Patents.

9.   Traffic has never directly notified Google that it accuses Google Maps of infringing the Traffic Patents.

10.  In fact, Google Maps does not infringe the Traffic Patents.

11.  Moreover, the Traffic Patents are not patentable under 35 U.S.C. §§ 101, 102, 103, and/or 112.

12.  There is a real and immediate controversy over the aforementioned matters between Google and Traffic, the resolution of which is necessary in order that Google may avoid wrongful injury to the reputation of its goods in the marketplace and other direct injury suffered from Traffic's wrongful allegations.

## CLAIM ONE

13.  The foregoing allegations are reasserted in this Claim as if rewritten herein in full.

14.  Google is entitled to a declaration in its favor that Google Maps has not infringed and does not directly infringe, contributorily infringe, or induce infringement of the Traffic Patents.

15.  Traffic has alleged and continues to allege that Google Maps uses technology covered by the Traffic Patents. Traffic has asserted these allegations in litigation with T-Mobile. Google has an objectively reasonable apprehension that Traffic will bring a patent infringement action asserting the Traffic Patents against Google concerning the Google Maps traffic feature.

3-   COMPLAINT FOR DECLARATORY RELIEF

91004-0005/LEGAL16318236.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

16. Therefore, an actual and justiciable controversy exists regarding the alleged infringement of the Traffic Patents by Google. Google accordingly requests a judicial determination of its rights, duties, and obligations with regard to the Traffic Patents.

17. Absent the requested declaration by the Court, Google will suffer irreparable injury.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Google is entitled to judgment from this Court finding that the Traffic Patents are not infringed by any Google product, service, or process.

## CLAIM TWO

19. The foregoing allegations are reasserted in this Claim as if rewritten herein in full.

20. Google is entitled to a declaration in its favor that the Traffic Patents are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 282.

21. Therefore, an actual and justiciable controversy exists between Google and Traffic regarding the validity of the Traffic Patents. Google accordingly requests a judicial determination of its rights, duties, and obligations with regard to the Traffic Patents.

22. Absent the requested declaration by the Court, Google will suffer irreparable injury.

23. As a result, Google is entitled to judgment from this Court finding that the Traffic Patents are invalid pursuant to 35 U.S.C. §§ 101 *et seq.*

## EXCEPTIONAL CASE

24. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285 as a result of, *inter alia*, Traffic's assertion of the Traffic Patents against

4- COMPLAINT FOR DECLARATORY RELIEF

91004-0005/LEGAL16318236.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

T-Mobile. and Google Maps with the knowledge that Google Maps does not infringe any valid or enforceable claim of the Traffic Patents and/or that the Traffic Patents are invalid.

### REQUEST FOR RELIEF

WHEREFORE, Google demands a trial by jury and demands judgment against Traffic as follows:

A. For a declaratory judgment that Google Maps does not infringe the Traffic Patents.

B. For a declaratory judgment that the Traffic Patents are invalid.

C. For the cost of this action, together with an assessment of interest and reasonable attorney fees;

D. For an Order precluding Traffic from commencing or maintaining any action against Google, Google's customers or the end users of Google Maps, with regard to the sale and/or use in commerce of Google Maps;

E. For such other and further relief as this Court may deem just and proper.

5-   COMPLAINT FOR DECLARATORY RELIEF

91004-0005/LEGAL16318236.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED: June 9, 2009

*[signature]*
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Of counsel:

Thomas H. Shunk (Ohio Bar No. 0025793)
Christina J. Moser (Ohio Bar No. 0074817)
**Baker & Hostetler LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

(*pro hac vice* applications to be filed)

Attorney for Plaintiff

6- COMPLAINT FOR DECLARATORY RELIEF

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

91004-0005/LEGAL16318236.2