**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**C. Dale Quisenberry** (*pro hac vice* application to be filed)
Email: dquisenberry@pqelaw.com
**John T. Polasek**, (*pro hac vice* application to be filed)
Email: tpolasek@pqelaw.com
**Jeffrey S. David**, (*pro hac vice* application to be filed)
Email: jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TRAFFIC INFORMATION, LLC, a Texas limited liability company,<br><br>    Defendant. | Civil No.: 09-642-HU<br><br>**MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE** |

TABLE OF CONTENTS

I. INTRODUCTION..........................................................................................................1

II. BACKGROUND ..........................................................................................................1

III. GOOGLE'S COMPLAINT SHOULD BE DISMISSED FOR LACK
OF SUBJECT MATTER JURISDICTION ..................................................................3

    A. Google's Complaint Does Not Meet The Standard
For Declaratory Judgment Jurisdiction ..............................................................3

    B. Google's Jurisdictional Basis – On Improperly-Disclosed Confidential
Third-Party Communications – Is Not "Fairly Traceable" To Traffic.....................5

IV. ALTERNATIVELY, JUDICIAL ECONOMY DICTATES THAT THIS
CASE BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS
WHERE RELATED PATENT LAWSUITS ARE PENDING .........................................6

    A. This Action Might Have Been Brought In The Eastern
District Of Texas, Marshall Division...................................................................6

    B. The Pendency Of Multiple Lawsuits Involving The Same Patents
In Texas Is A *Paramount* Consideration Compelling Transfer .............................7

    C. The Other 1404(a) Factors Also Favor Transfer...................................................10

        1. Convenience Of Parties And Witnesses Favors Transfer .........................11

        2. Google's Choice Of Forum Is Entitled To Minimal Weight ....................12

        3. Contacts With Forum Favor Transfer.......................................................13

        4. Comparative Litigation Costs And Congestion Favor Transfer ................13

        5. Compulsory Process And Familiarity With Law Are Neutral ..................14

        6. Ease Of Access To Proof Favors Transfer................................................14

V. CONCLUSION..........................................................................................................15

## I. INTRODUCTION

**<u>Dismissal For Lack Of Declaratory Jurisdiction.</u>** Google filed this declaratory-judgment patent case based on *confidential* communications between Traffic and T-Mobile in a Texas lawsuit that T-Mobile *improperly shared* with Google without Traffic's permission. Google's basis for declaratory jurisdiction is not on any communications between Google and Traffic, and is not "fairly traceable" to Traffic. As such, this action should be dismissed for lack of subject matter jurisdiction.

**<u>Transfer To Eastern District Of Texas.</u>** Even if declaratory jurisdiction exists, this case should be transferred to the Eastern District of Texas where three related actions are pending involving the same patents at issue here. The "interest of justice" is the determinative factor in the 1404(a) transfer analysis in cases like this one. Judicial economy dictates transfer here because it would be wasteful of time and judicial resources for two courts to construe the same claims and address the same infringement and validity issues. Transfer will also serve the interest of justice since it will avoid the risk of inconsistent rulings, such as on claim constructions. Moreover, the fact that one of the Texas defendants is T-Mobile (i.e., the Google customer central to Google's allegations here) further compels transfer based on judicial economy.[1]

## II. BACKGROUND

Traffic is a Texas limited liability company with its principal business operations conducted in Marshall, Texas. Decl. of Kevin Russell, ¶ 2. Traffic has three patent lawsuits involving one or

---

[1] *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation where two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent."); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a *paramount consideration* when determining whether a transfer is in the interest of justice.") (emphasis added).

**PAGE 1 -    MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

both of the patents-in-suit pending in the Eastern District of Texas. *Id.* T-Mobile, which is central to Google's allegations here, is a defendant in one of those cases. *Id.* Google is a Delaware corporation with its principal place of business in Mountain View, California. Complaint, ¶ 1. On June 9, 2009, Google filed this action against Traffic seeking a declaratory judgment that its Google Maps product does not infringe U.S. Patent No. 6,466,862 ("the '862 patent") and U.S. Patent No. 6,785,606 ("the '606 patent") and that the patents are invalid. *Id.*, ¶¶ 13-23. These patents are owned by Traffic and cover systems related to presenting traffic information on a mobile device. Russell Decl., ¶ 2.

In its Complaint, Google alleges an "objectively reasonable apprehension that Traffic will bring a patent infringement action" against it regarding its Google Maps "traffic feature." Complaint, ¶ 15. Google bases its "objectively reasonable apprehension" of being sued on its allegations that "Traffic has alleged and continues to allege that Google Maps uses technology covered by the Traffic Patents" and "Traffic has asserted these allegations in litigation with T-Mobile". *Id.*[2]

What is Google's factual basis for these jurisdictional allegations? It was *not* on any communication between Google and Traffic. Indeed, Google admitted that Traffic *never* notified Google that Google Maps infringes any Traffic patent. *Id.*, ¶ 9; Russell Decl., ¶ 4. And Google

---

2   The litigation referred to here by Google is one of five patent lawsuits that Traffic has filed in the Eastern District of Texas for infringement of one or both of the patents-in-suit, three of which are still pending, and one of those including T-Mobile: (1) *Traffic Information, LLC v. American Honda Motor Co, Inc. et al.* (Case No. 2-07-cv-00391-TJW) (closed); (2) *Traffic Information, LLC v. Alpine Electronics of America, Inc. et al.* (Case No. 2-08-cv-00007-TJW-CE) (closed); (3) *Traffic Information, LLC v. HTC USA, Inc. et al.* (Case No. 2-08-cv-00404-TJW) (pending); (4) *Traffic Information, LLC v. AT&T Mobility LLC et al.* (Case No. 2-09-cv-00083-TJW-CE) (pending, includes T-Mobile); and (5) *Traffic Information, LLC v. Sony Electronics Inc. et al.* (Case No. 2-09-cv-00191-TJW-CE) (pending). Russell Decl. ¶ 3. Just as with Google's action here, the pending Texas cases involve issues regarding the validity and infringement of the '606 patent and/or the '862 patent. *Id.*

PAGE 2 -   **MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

could not have derived its apprehension from Traffic's complaint in the T-Mobile case, since it does *not* identify Google, Google Maps or any infringing products by name. Russell Decl., ¶ 5.

Based on Google's allegations in its Complaint – specifically its use of the quoted phrase "traffic feature" – the only factual support for its alleged apprehension comes from *confidential* communications between Traffic and T-Mobile in connection with the T-Mobile case in Texas. Complaint, ¶ 8 ("Traffic notified T-Mobile that the *'traffic feature'* of Google Maps allegedly infringes Traffic Patents.") (emphasis added). That exact phrase – "traffic feature" – was used by Traffic's counsel in reference to Google Maps in a confidential email to *T-Mobile's* counsel. Russell Decl., ¶ 6. The email was labeled "INADMISSIBLE AND CONFIDENTIAL, FOR SETTLEMENT PURPOSES ONLY, SUBJECT TO FRE 408". *Id.*[3] Evidently, T-Mobile improperly gave Google a copy of that confidential email.[4] Traffic did not consent to any disclosure of this confidential communication, and T-Mobile never advised Traffic that T-Mobile was not honoring Traffic's confidentiality designation. *Id.*

### III. GOOGLE'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

#### A. Google's Complaint Does Not Meet The Standard For Declaratory Judgment Jurisdiction

A motion to dismiss should be granted when a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2007) ("[I]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss."). The burden is on the party claiming declaratory judgment jurisdiction to establish that such

---

3   Traffic will submit the email under seal for the Court's review if so desired.

4   Traffic believes that, if Google chooses not to confirm these facts, they can be confirmed through the deposition of T-Mobile's counsel.

**PAGE 3 -  MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

jurisdiction existed at the time the claim was filed and that it has continued since. *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007). A fundamental principle when addressing a motion to dismiss for lack of subject matter jurisdiction is that the United States Constitution limits federal judicial power to designated "cases" or "controversies." U.S. Const., Art. III, § 2. Thus, federal courts may only hear matters that arise in the context of an actual "case" or "controversy." *See SEC v. Medical Comm'n for Human Rights*, 404 U.S. 403, 407 (1972).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) (2007), while not "an independent basis for subject matter jurisdiction," is consistent with this Constitutional principal in that it provides that a district court has jurisdiction over a declaratory judgment action only when there exists an "actual controversy." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008). In order for an actual "case" or "controversy" to exist under Article III, "the dispute must be definite and concrete, touching the legal relations of parties having adverse legal interests, real and substantial, and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citing *MedImmune*, 127 S.Ct. at 771).

The basic standard for showing that a case or controversy exists is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* This "substantial controversy" must be based on "a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*-an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Id.* at 1339 (emphasis in original). One way the courts view this inquiry is from the standpoint of the justiciable doctrine of standing. *Id.* at 1338.

PAGE 4 -  MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S
         MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
         AND ALTERNATIVE MOTION TO TRANSFER VENUE

To satisfy standing, one element the plaintiff must prove is an injury that is "fairly traceable" to the defendant's conduct. *Id.*[5]

### B. Google's Jurisdictional Basis – On Improperly-Disclosed Confidential Third-Party Communications – Is Not "Fairly Traceable" To Traffic

Google's Complaint does not establish a justiciable Article III "case or controversy." Google's alleged basis for declaratory jurisdiction is an "objectively reasonable apprehension that Traffic will bring a patent infringement action" against it regarding its Google Maps "traffic feature." Complaint, ¶ 15. Google bases its "objectively reasonable apprehension" of being sued on its allegations that "Traffic has alleged and continues to allege that Google Maps uses technology covered by the Traffic Patents" and "Traffic has asserted these allegations in litigation with T-Mobile". *Id.* As explained above, Google did not base its allegations on any communication between Google and Traffic, and it could not have been based on Traffic's Complaint in the T-Mobile/Texas case, since that Complaint contained no mention of Google or Google Maps. *Id.*, ¶ 9; Russell Decl., ¶ 6. In other words, there are no "non-confidential" facts to support Google's jurisdictional allegations.

Instead, as explained above, the source of Google's alleged apprehension of suit comes from the *confidential* email between Traffic and a third party (i.e., T-Mobile) in connection with the T-Mobile case in Texas. Complaint, ¶ 8 ("Traffic notified T-Mobile that the *'traffic feature'* of Google Maps allegedly infringes Traffic Patents.") (emphasis added). The only way Google could have known to use the "traffic feature" phrase and put it in quotes is if T-Mobile improperly shared the

---

5   The Federal Circuit has further explained that "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *Sandisk Corp. v. STMicroelectronics*, 480 F.3d 1372, 1380-1381 (Fed. Cir. 2007).

PAGE 5 -   MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE

confidential email with Google. As such, Google's apprehension of suit was caused by T-Mobile's improper disclosure of confidential information, not by any affirmative act of Traffic. *Prasco*, 537 F.3d at 1339 (case or controversy must be based on an injury "that is *caused by the defendants*.") (emphasis in original). Since Google's apprehension was caused by T-Mobile, not Traffic, no justiciable "case or controversy" exists. Further, under no standard of "fairness" would it be "fair" to allow a third party to create a "case or controversy" by the improper disclosure of confidential communications. Thus, Google's alleged basis for declaratory jurisdiction is not "fairly traceable" to Traffic. For the above reasons, Google's Complaint should be dismissed for lack of subject matter jurisdiction.

## IV. ALTERNATIVELY, JUDICIAL ECONOMY DICTATES THAT THIS CASE BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS WHERE RELATED PATENT LAWSUITS ARE PENDING

Even if declaratory jurisdiction exists, this case should be transferred to the Eastern District of Texas "in the interest of justice" pursuant to 28 U.S.C. § 1404(a) where multiple *related* lawsuits involving the patents-in-suit are pending. Russell Decl., ¶ 3. Indeed, one of the defendants in Texas – T-Mobile – is central to Google's Complaint. *Id.*; Complaint, ¶¶ 3, 7, 8, 15 and 24.

Section 1404(a) reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion in deciding motions to transfer venue. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

### A. This Action Might Have Been Brought In The Eastern District Of Texas, Marshall Division

Under § 1404(a), courts first decide whether the action "might have been brought" in the proposed transferee court, here, the Eastern District of Texas. *Hatch v. Reliance Ins. Co.*, 758 F.2d

PAGE 6 -  MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE

409, 414 (9th Cir. 1985). If subject matter jurisdiction is found here, then it also exists in the Eastern District of Texas. 28 U.S.C. §§ 1331 (federal questions) and 1338(a) (patents). Also, Traffic is subject to personal jurisdiction in the Eastern District of Texas as it is a Texas limited liability company and its primary business has been carried out in the Eastern District of Texas. (Russell Decl., ¶ 7). Indeed, the Eastern District of Texas has already exercised personal jurisdiction over Traffic many times related to the Texas lawsuits identified above. *Id.*

Venue is also proper in the Eastern District of Texas. A patent lawsuit may be filed in any judicial district where the defendant resides. 28 U.S.C. § 1400(b). For purposes of venue, Traffic resides in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Since Traffic is subject to personal jurisdiction in the Eastern District of Texas, venue is proper in the Eastern District of Texas. For the above reasons, this action might have been brought in the Eastern District of Texas.

### B. The Pendency Of Multiple Lawsuits Involving The Same Patents In Texas Is A *Paramount* Consideration Compelling Transfer

A variety of convenience factors, discussed below, are routinely analyzed in connection with Section 1404(a). But in the Ninth Circuit, in certain cases, such as this one, the "interest of justice" factor may alone be determinative, even if the convenience of the witnesses and parties point to a different result. *See, e.g., Allen v. Scribner*, 812 F.2d 426, 436-37 (9th Cir. 1987) (affirming denial of motion to transfer in view of "the court's familiarity with the case after three and one-half years", notwithstanding possible inconvenience to the witnesses); *United States ex rel. Swan v. Covenant Care, Inc.*, 1999 U.S. Dist. LEXIS 15287 at * 5 (N.D. Cal. 1999) (recognizing "one factor that may

PAGE 7 -   MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S
           MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
           AND ALTERNATIVE MOTION TO TRANSFER VENUE

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

outweigh all the others is the interest of justice"). This rule also exists in other circuits.[6] As explained below, in patent cases like this one, the existence of related cases involving the same patent in the transferee district is a "paramount" consideration under the "interest of justice" prong that compels transfer.

District courts have long recognized that the existence of a related lawsuit in a transferee court is a "powerful reason" to grant transfer.[7] The Federal Circuit recently reaffirmed this principle for patent cases: "[T]he existence of multiple lawsuits involving the same issues is a ***paramount consideration*** when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (emphasis added). In so doing, the Federal Circuit relied on Supreme Court precedent: "To permit a situation where two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time,

---

6   *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986) ("The 'interest of justice' is a separate component of a § 1404(a) transfer analysis ... and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." ) (citations omitted); *Regents of the University of Illinois v. Eli Lilly and Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (affirming the transfer of the case after affording determinative weight to the consideration of judicial economy); *Bellomo v. United States*, 297 F. Supp. 2d 494, 503 (E.D.N.Y. 2003) ("Although a literal reading of the statute may suggest that a transfer may be directed for the convenience of the parties and witnesses and not solely 'in the interest of justice,' that factor alone may be decisive in a given case even if the convenience of the parties and witnesses may point in a different direction"); *Anderson v. Thompson*, 634 F. Supp. 1201, 1204 (D.Mont. 1986) ("As a general proposition, it may be said that the convenience of the parties and witnesses is subordinate to the interests of justice factor").

7   *See, e.g., Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) ("Many courts have concluded that the presence of a related case in the transferee forum is a *powerful reason* to grant a change of venue.") (emphasis added); *Black & Decker Corp. v. Amirra, Inc.*, 909 F. Supp. 633, 639 (W.D. Ark. 1995) (recognizing that "a number of courts have indicated that the existence of related litigation in a transferee court is a factor that strongly weighs in favor of transfer.").

**PAGE 8 -   MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

energy, and money that § 1404(a) was designed to prevent." *Id.*, *quoting Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).[8]

Judicial economy compels transfer here. Five lawsuits asserting the '862 and/or '606 patents against 48 defendants with offices scattered around the country have been filed in the Eastern District of Texas. Russell Decl., ¶ 8. Three of those lawsuits are still pending. *Id.*, ¶ 2-3. Significantly, one of the pending Texas cases includes T-Mobile, the third-party around which Google's Complaint is centered. *Id.*; Complaint, ¶¶ 3, 7, 8, 15, and 24. This action and the pending Texas actions will involve identical issues, including, for example, issues related to claim construction and patent validity. Complaint, ¶¶ 19-23; Russell Decl., ¶¶ 3, 8. Based on Google's allegations, this action and the T-Mobile action may also involve identical infringement issues. *Id.*, at ¶ 8.[9]

In view of the above facts, it would be wasteful of judicial resources to have this action and the Texas actions pending at the same time. This would require two courts to become familiar with

---

[8]     The facts in *Volkswagen* are similar to here. There, the patent owner (MHL) was a Texas company operating out Michigan. 566 F.3d at 1350. MHL filed two lawsuits in the Eastern District of Texas against 30 defendants. *Id.* Volkswagen was a defendant in the first lawsuit. *Id.* Volkswagen filed a third lawsuit – a declaratory judgment action against MHL in Michigan. *Id.* at 1351. "That case was transferred to the Eastern District of Texas to avoid wasting judicial resources and the risk of inconsistent rulings on the same patents." *Id.* (The same result is compelled here for the same reasons). Volkswagen then petitioned the Federal Circuit for a writ of mandamus to vacate the Michigan court's transfer order. *Id.* That petition was denied. *Id.* Volkswagen also moved to transfer the first Texas lawsuit to Michigan. The Eastern District of Texas denied that motion to transfer. Volkswagen petitioned the Federal Circuit for another writ of mandamus, this time to vacate its order denying Volkswagen's motion to transfer to Michigan. As explained above, the Federal Circuit denied that petition as well. *Id.* ("Because the district court's decision is based on the rational argument that judicial economy is served by having the same district court try the cases involving the same patents, mandamus is inappropriate under our precedents.").

[9]     T-Mobile has already filed an answer in Texas stating that personal jurisdiction and venue are both proper in the Eastern District of Texas. Russell Decl., ¶ 8. T-Mobile also filed counterclaims in Texas seeking declaratory judgments of non-infringement and invalidity of the '606 and '862 patents. *Id.*

**PAGE 9 -   MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

the same patents, the same technology, construe the same patent claims, rule on related infringement issues and validity issues, and oversee corresponding discovery. The case law clearly counsels against this as contrary to judicial economy. *See General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 368 (4th Cir. 1966) ("[S]imultaneous trial of two suits in different circuits involving a number of identical questions of fact and law would result in a *useless waste of judicial time and energy*.") (emphasis added).[10] Moreover, trying the same issues in two different venues would potentially lead to inconsistent results, including inconsistent rulings on claim constructions.[11]

In contrast, transferring this case to the Eastern District of Texas would allow one court to develop an understanding of the technology, uniformly apply the applicable law, provide uniform claim constructions, and provide consistent rulings. Accordingly, the interest of justice compels transfer here.

### C. The Other 1404(a) Factors Also Favor Transfer

Other factors relevant include: (1) convenience of the parties and witnesses; (2) the court most familiar with the governing law; (3) plaintiff's choice of forum; (4) contacts with the forum by

---

10   Like here, *General Tire* also involved transfer of a declaratory judgment action. In *General Tire*, the plaintiff sued for patent infringement in Ohio against two infringers. 372 F.2d at 368. Later, two different infringers filed a declaratory judgment action in Maryland seeking relief regarding the same patent being enforced in Ohio. After the patentee's attempts to have the Maryland case transferred were denied, the Fourth Circuit, recognizing "the useless waste of judicial time and energy" that would result from simultaneous actions, issued a writ of mandamus directing the Maryland court to transfer the declaratory judgment action to Ohio. *Id.*

11   *See, e.g., The Whistler Group, Inc. v. PNI Corp.*, 2003 U.S. Dist. LEXIS 21968, at *14 (N.D. Tex. 2003) (stating "piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable" and the interest of justice may dictate a transfer to prevent an "extravagantly wasteful and useless duplication of time" and "the heightened risk of inconsistent rulings."); *see also FTC v. Watson Pharms.*, 611 F.Supp.2d 1081, 1089 (C.D.Cal. 2009) (transferring antitrust action where patent cases with "close ties" to the antitrust action were pending in the transferee court, and noting that transfer would "[alleviate] any risk of conflicting judgments.").

**PAGE 10 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

parties and related to cause of action; (5) differences in the cost of litigation and congestion in the two forums; (6) availability of compulsory process; and (7) ease of access to proof. *Jones*, 211 F.3d at 498-99.

### 1.    Convenience of parties and witnesses favors transfer

It would be more convenient for the parties to litigate this case in Texas. Traffic is a Texas company and conducts its primary business in Marshall, Texas. Russell Decl., ¶¶ 7 and 9. It would be more convenient for Traffic to litigate all of the cases related to its patents in one court, the Eastern District of Texas, where it currently has three related patent cases pending. *Id.* While Google is based in California, it has a national presence and it is also involved in numerous other patent cases in the Eastern District of Texas. *Id*, ¶ 9.

Litigating this case in the Eastern District of Texas would also be more convenient for the witnesses. The only witnesses known to Traffic located in Oregon are Kevin Russell, one of the co-inventors of the Traffic patents and the manager of Traffic, and Bruce DeKock, one of the other co-inventors of the Traffic patents. *Id.*, ¶ 10. But since Traffic's business is concentrated in Marshall, Texas, it would be more convenient for them if this case were transferred there so that all of the litigation related to the Traffic patents is consolidated in one district. *Id.* Messrs. Russell and DeKock will voluntarily appear in Marshall, Texas for this case. *Id.* Google will no doubt have witnesses located in California. But there are numerous other witnesses scattered around the country. For example, witnesses with companies that have been sued for infringement of one or both of the patents-in-suit – based in places such as Washington, California, Minnesota, Michigan, Illinois, Kansas, Tennessee, Texas, Georgia, Pennsylvania, North Carolina, Washington, D.C., New Jersey and Massachusetts – will likely have evidence related to Google's allegation that the patents

**PAGE 11 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

are invalid. *Id.*, ¶ 11. As such, it would be more convenient for all of the witnesses as a whole to have this action centrally located in Texas.

Finally, as explained above, even if the court concluded that keeping this case in Oregon would be more convenient for the witnesses and parties, that finding must give way to the overriding "interest of justice", which in this case is "paramount" and clearly compels transfer to Texas.[12] For the above reasons, this factor favors transfer.

### 2. Google's choice of forum is entitled to minimal weight

Ordinarily, courts give "great weight" to a plaintiff's choice of forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, this weight must be judged considering the extent of both the plaintiff's and defendant's contact with the forum, including those relating to plaintiff's cause of action. *Id.* "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration." *Id.*; *see also Inherent.com v. Martindale-Hubbell, Lexis/Nexis Inc.*, 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006) (noting that "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint.")

Here, Google's choice of venue should be given little deference. This action is directed at the activities of a Texas company. The alleged actions and activities that form the basis of Google's complaint arise from confidential communications with T-Mobile in connection with a lawsuit in

---

12   *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986) ("The 'interest of justice' is a separate component of a § 1404(a) transfer analysis ... and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." ) (citations omitted).

**PAGE 12 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

Texas. Complaint, ¶¶ 3, 7, 8, 15 and 24. Google is headquartered in California, not Oregon. *Id.*, ¶ 1. As such, Google's choice of forum is entitled to minimal weight.

### 3. Contacts with forum favor transfer

The parties' contacts with the District of Oregon are attenuated here. As discussed above, Google is not headquartered in Oregon. The only connection to the District of Oregon is the presence of two of the inventors in Oregon. But this action is not against them individually. Rather, it is against Traffic, a Texas limited liability company, and concerns patents owned by Traffic whose primary business has been in Marshall, Texas. Russell Decl., ¶¶ 2, 3, 7, and 9.

The relevant contacts with the Eastern District of Texas, however, are much greater. Traffic is a Texas limited liability company that has conducted its primary business in Marshall, Texas, where it has filed five patent lawsuits, as discussed above. *Id.* Moreover, the actions that prompted Google to file this case relate to Traffic's lawsuit in Texas against T-Mobile. Complaint, ¶¶ 3, 7, 8, 15 and 24. Furthermore, Google is currently or has been a party in at least 20 patent cases pending in the Eastern District of Texas.. Russell Decl., ¶ 9. The parties therefore have substantial contacts with the Eastern District of Texas. At the very least, the relevant contacts are more significant with the Eastern District of Texas here than they are to the District of Oregon. Accordingly, this factor weighs in favor of transfer.

### 4. Comparative litigation costs and congestion favor transfer

Litigation costs will be lower if this case is transferred to Texas. For example, if the case is not transferred, then two courts will hold *Markman* hearings to construe the same claim terms. Not only would Traffic incur additional fees and travel expenses to prepare for and attend a second *Markman* hearing in Oregon, but this approach wastes judicial resources and creates the risk of

**PAGE 13 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

inconsistent claim constructions on identical claim terms. The same can be said for any number of duplicate discovery, summary judgment and pre-trial and trial proceedings that would occur both in Texas and in Oregon if this case is not transferred.

Relative court congestion between this and the transferee court further support transfer. Federal court statistics show that the Eastern District of Texas maintains a substantially speedier docket than this district. In 2008, there were 514 pending cases per judge in the District of Oregon and the time from filing to trial in civil cases was 23 months. Russell Decl. ¶ 12. In 2008, in the Eastern District of Texas, there were 397 pending cases per judge and the time from filing to trial in a civil case was 18.5 months. *Id.* As such, not only would transfer to Texas result in a faster resolution of this matter, but transfer to Texas would result in lowering *overall* court congestion since there would be only one court addressing the Traffic patents instead of two. Accordingly, this factor weighs in favor transfer.

### 5. Compulsory Process And Familiarity With Law Are Neutral

Here, the two witnesses in Oregon will voluntarily appear in Marshall, Texas. Russell Decl., ¶ 10. As for other witnesses, in view of the wide geographic area over which relevant witnesses reside, the Texas and Oregon courts appear to have similar abilities regarding compulsory process. Therefore, this factor is neutral or slightly tips in favor of transfer. As for familiarity with governing law, the District of Oregon and the Eastern District of Texas are equally capable of applying patent law. Accordingly, this factor is neutral.

### 6. Ease Of Access To Proof Favors Transfer

The ease of access to proof weighs in favor of transfer. Traffic's documentary evidence is located in Bellaire, Texas, much nearer the Eastern District of Texas than this district. Russell Decl.,

**PAGE 14 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

¶ 13. Google presumably has relevant evidence in California, but none in this district. Also, the third-party evidence related to validity is scattered around the country, making the central Texas location closer to all of the evidence collectively. *Id.*, ¶¶ 8 and 11. This factor favors transfer.

## V. CONCLUSION

Google's Complaint should be dismissed for lack of subject matter jurisdiction. Google cannot meet the standard for declaratory jurisdiction since its jurisdictional basis is an improperly-disclosed *confidential* communication between Traffic and a third party (T-Mobile). As such, Google's jurisdictional basis is not "fairly traceable" to Traffic.

Even if declaratory jurisdiction exists, this case should be transferred to the Eastern District of Texas where multiple *related* patent lawsuits are pending, one involving T-Mobile. Allowing multiple actions involving the same issues to simultaneously proceed in two districts is contrary to judicial economy. Transferring this case to Texas will remove the risk of inconsistent rulings (e.g., on claim construction), eliminate duplicative litigation, and conserve scarce judicial resources.

Dated this 14th day of August, 2009.

                              STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

                              By: /s/ Timothy S. DeJong
                                  **Robert A. Shlachter**, OSB No. 911718
                                  **Timothy S. DeJong**, OSB No. 940662

                              209 S.W. Oak Street, Fifth Floor
                              Portland, Oregon 97204
                              Telephone:   (503) 227-1600
                              Facsimile:   (503) 227-1600
                              Email:        rshlachter@stollberne.com
                                                  tdejong@stollberne.com

                              -AND-

**PAGE 15 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**

                **C. Dale Quisenberry** (*pro hac vice* application to be filed)
                Email: dquisenberry@pqelaw.com
                **John T. Polasek,** (*pro hac vice* application to be filed)
                Email: tpolasek@pqelaw.com
                **Jeffrey S. David,** (*pro hac vice* application to be filed)
                Email: jdavid@pqelaw.com
                POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                6750 West Loop South, Suite 920
                Bellaire, Texas 77401
                Telephone: (832) 778-6000
                Facsimile: (832) 778-6010

                ***Attorneys for Defendant Traffic Information, LLC***

PAGE 16 - MEMORANDUM IN SUPPORT OF TRAFFIC INFORMATION, LLC'S
     MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
     AND ALTERNATIVE MOTION TO TRANSFER VENUE

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840