**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**C. Dale Quisenberry** (*admitted pro hac vice*)
Email: dquisenberry@pqelaw.com
**John T. Polasek**, (*pro hac vice* application to be filed)
Email: tpolasek@pqelaw.com
**Jeffrey S. David**, (*pro hac vice* application to be filed)
Email: jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Civil No.: 09-642-HU |
| Plaintiff, | |
| v. | **REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER** |
| TRAFFIC INFORMATION, LLC, a Texas limited liability company, | |
| Defendant. | |

TABLE OF CONTENTS

I. TRAFFIC'S MOTION TO DISMISS SHOULD BE GRANTED ....................................1

    A. Google's Argument About FRE 408 Is A Red Herring............................................1

    B. Google's Cite To *SanDisk* Actually Undermines Its Argument..............................1

    C. Google Mischaracterizes The Confidential Information .........................................2

II. TRAFFIC'S MOTION TO TRANSFER SHOULD BE GRANTED .................................3

    A. The "Interest Of Justice" Factor Compels Transfer...................................................3

    B. Google Should Not Be Rewarded For Its Forum Shopping ....................................4

    C. Document Location/Court Congestion Do Not Trump Judicial Economy..............5

    D. Inventor Declarations Alleviate Compulsory Process Argument.............................6

    E. Google's Cite To *CollegeNET* Actually Supports Transfer ....................................7

    F. Google's Customer-Manufacturer Argument Is Unpersuasive ................................7

    G. Google's Sever/Joinder Cases Are Irrelevant...........................................................8

III. CONCLUSION..................................................................................................................9

## I. TRAFFIC'S MOTION TO DISMISS SHOULD BE GRANTED

### A. Google's Argument About FRE 408 Is A Red Herring

Google attempts to divert the Court's attention from Traffic's compelling arguments by creating and attributing to Traffic arguments that Traffic did not make, just so Google could knock them down. For example, Google argues that Fed. R. Evi. 408 is a rule related to *admissibility*, not *confidentiality*. Traffic agrees. Traffic did not argue otherwise in its motion. This is a red herring – or, in Google's words, "a transparent effort to distract this Court from the legal issues presented." (Response at 2).

Traffic did not argue that the FRE 408 designation on the T-Mobile email was of any moment. Instead, Traffic's argument is based on the ***confidential*** designation on the email. More specifically, Traffic's motion presents the question whether a declaratory judgment patent action can be based on ***confidential*** communications between the patent owner (Traffic) and a third party (T-Mobile) that are ***improperly shared*** by the third party (T-Mobile) with the declaratory judgment plaintiff (Google). Traffic contends that this question should be answered in the negative as Google's basis for declaratory jurisdiction is not "fairly traceable" to Traffic.

### B. Google's Cite To *SanDisk* Actually Undermines Its Argument

Google cites to *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) in support of its off-the-mark diversionary FRE 408 admissibility argument. That case actually supports Traffic's motion to dismiss, however, because the Federal Circuit stated that the risk of a declaratory judgment can be avoided through a confidentiality agreement. *SanDisk*, 480 F.3d at 1375, n.1. In this case, the email in question was clearly labeled CONFIDENTIAL. Russell Decl. ¶ 6. Traffic did not consent to the disclosure of this confidential communication and T-Mobile never

**PAGE 1 -  REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

advised that it was not honoring Traffic's confidentiality designation. Russell Decl. ¶ 6. It was Traffic's understanding and expectation that the email would be kept confidential by T-Mobile. Second Russell Decl. ¶ 4. While Traffic and T-Mobile did not sign an *express* confidentiality agreement, the "CONFIDENTIAL" designation taken with the parties' course of conduct gives rise to an implied confidentiality agreement. *See*, *e.g.*, *Bryant v. Ellis*, 301 Ore. 633, 724 P.2d 811, 813 (1986) (recognizing contractual duty to keep information confidential "by factual implication" for professional persons); *Union Pac. Railroad Co. v. Mower*, 219 F.3d 1069, 1074 (9th Cir. 2000) (Oregon law recognizes implied duty of confidentiality in employer-employee relationship); *Kamin v. Kuhnau*, 222 Ore. 139, 374 P.2d 912, 919 (1962) (implied agreement not to use information).[1]

Accordingly, *SanDisk* compels the conclusion that Traffic's designating the email as CONFIDENTIAL removes the risk of the email giving rise to a declaratory judgment action. Google's Complaint should therefore be dismissed.[2]

### C. Google Mischaracterizes The Confidential Information

Google argues that it openly refers to the "traffic feature" of its Google Maps product, and therefore that phrase cannot be considered confidential. Google misses the point. Traffic does not contend that the phrase "traffic feature" alone is confidential. Rather, Google's use of that phrase in quotes evidences the fact, which Google has not denied, that T-Mobile improperly gave Google a copy of the *confidential* email that included that phrase. The confidential information at issue here,

---

[1] Google states that Traffic has the burden of coming forward with a copy of the confidential email. Google's Response at 9, n.22. Not so. It is Google, not Traffic, who bears the burden of establishing subject matter jurisdiction. *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007). Moreover, Traffic has come forward with record evidence establishing the confidentiality of the email and linked it to Google's jurisdictional allegations in its Complaint. *See* Traffic's Opening Brief at 5-6.

[2] In *SanDisk*, unlike here, there was no mention or assertion of confidentiality by either of the parties. The other cases cited by Google – *Arrowhead*, *Surefoot* and *Rhoades* – are also distinguishable on this basis.

**PAGE 2 -  REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

upon which Google bases its allegation of declaratory jurisdiction, is the *entire* email communication, not merely the phrase "traffic feature". Second Russell Decl. ¶ 4.[3]

## II. TRAFFIC'S MOTION TO TRANSFER SHOULD BE GRANTED

Google first mis-states Traffic's primary basis for transfer, and then studiously ignores Traffic's authority – Supreme Court precedent and the most recent pronouncement from the Federal Circuit on the ***paramount*** importance of judicial economy in cases like this one – choosing instead to cite a multitude of earlier cases at odds with that case law.[4]

### A. The "Interest Of Justice" Factor Compels Transfer

Google states that "Traffic's primary argument for the Eastern District of Texas as a preferable venue revolves around its contention that it 'does business' in that district." Google Response at 2. Not so. The first page of Traffic's opening brief, second paragraph, summarizes Traffic's position. The "interest of justice" factor is determinative and compels transfer since allowing two courts to construe the same claims and address the same infringement and validity issues would be wasteful of judicial resources and risk inconsistent rulings (e.g., on claim construction), especially since T-Mobile (central to Google's allegations) is one of the Texas defendants. This is a very straightforward compelling argument in favor of transfer. So it rings

---

[3] Google also points to E.D. Tex. Local Patent Rule 3-1 related to infringement contentions as somehow supporting its opposition. That rule has no relevance to Traffic's motion. Those contentions have not even been served in the T-Mobile case. Google's alleged basis for declaratory jurisdiction comes from the confidential email, not from any document to be served in the future under P.R. 3-1.

[4] *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation where two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent."); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a *paramount consideration* when determining whether a transfer is in the interest of justice.") (emphasis added).

**PAGE 3 -  REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

hollow when Google states: "Traffic offers no convincing reason to disturb [Google's choice of venue]." Response at 3.[5]

### B. Google Should Not Be Rewarded For Its Forum Shopping

When Google was deciding where to file this action, it defies common sense for Google to have concluded that it should be filed anywhere other than in the Eastern District of Texas, Marshall Division. Google's allegations in its Complaint are unmistakably clear that it decided to file its declaratory judgment action as a direct result of communications between its customer T-Mobile and Traffic in connection with the previously-filed Traffic/T-Mobile lawsuit in Marshall. This action and the T-Mobile action in Texas will involve *__identical__* issues. Complaint, ¶¶ 19-23; Russell Decl. ¶ 8. Without question, the most logical and efficient place for Google to have filed its lawsuit was in Marshall. Google has made no credible argument that judicial economy will be served by having this Court *__and__* the Texas court do the exact same work. It is undeniable that allowing both actions to proceed will result in two Courts duplicating efforts. As explained by the Supreme Court, this will result in the waste of judicial resources that Section 1404(a) was intended to avoid:

> To permit a situation where two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent.

*Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Again, Google has completely

---

[5] Google attempts to divert attention from the fact that Oregon is not its home forum, which lessens the weight of its forum choice, and attempts to attribute weight to its choice of forum by citing *Home Indem. Co. v. Stimson Lumber Co.*, 229 F.Supp.2d 1075 (D. Or. 2001) and *Miller v. Consolidated Rail Corp.*, 196 F.R.D. 22 (E.D. Pa. 2000). But there is a significant factual distinction between those cases and this one, namely, the existence here of a related lawsuit in the transferee forum involving *__identical__* issues. While Google's choice of forum might be entitled to some very minimal weight, it certainly does not override the interest of justice factor favoring transfer to Texas where the T-Mobile action involving *__identical__* issues is pending.

**PAGE 4 - REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

ignored this controlling precedent and the Federal Circuit's recent pronouncement emphasizing the *paramount* importance of multiple lawsuits to the interest of justice factor. *In re Volkswagen*, 566 F.3d at 1351. In light of the foregoing, if any party is guilty of forum shopping, it is Google. Google's numerous excuses for filing in this district should be recognized for what they are – excuses, and should be rejected.

Google attempts to impugn Traffic for filing the other Traffic cases in Texas by arguing that Traffic "manufactured venue". Response at 23. Google is wrong. Traffic is formed as a Texas limited liability company. That is a "rational and legitimate reason" to litigate in Texas. *Stratos Lightwave, Inc. v. E2O Communications, Inc.*, 2002 U.S. Dist. LEXIS 5653 at *3 (D. Del. Mar. 26, 2002).

### C. Document Location/Court Congestion Do Not Trump Judicial Economy

As for the location of documents, Google argues that its documents are located closer to Oregon. But as argued by Google with regard to the location of Traffic's documents, they are "routinely converted into electronic format and reviewed anywhere that a computer can be connected to the Internet." Response at 16. This applies with equal force to Google's argument based on the location of its documents.

With regard to court congestion, Google cites to the *CollegeNET* case as supporting some "rule" in this district that patent cases go to trial within one year of filing. That, of course, is not the case. It is not unusual in this district for patent cases to take three years or more from filing to trial. Second Russell Decl. ¶ 6.[6]

---

6  Google argues that the confidential email communication that gave rise to this case took place in the Pacific Northwest. Response at 22. Not so. The email was sent from Traffic's counsel in Texas to T-Mobile's counsel in New York City. Second Russell Decl. ¶ 4. This undermines Google's argument concerning jury duty. Response at 22.

**PAGE 5 -  REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

### D. Inventor Declarations Alleviate Compulsory Process Argument

Google argues that Traffic's principals and inventors have personal and business interests that are likely to put them at odds with the demands of litigation and compulsory process may therefore be needed to obtain their attendance at trial. Response at 16. Not so. Each of Traffic's principals and inventors has submitted Declarations agreeing to voluntarily appear in Marshall, Texas to testify before and submit to the jurisdiction of the United States District Court for the Eastern District of Texas, Marshall Division, in connection with any lawsuits in that court related to the patents-in-suit. Second Russell Decl. ¶ 3; Qian Decl. ¶ 3; DeKock Decl. ¶ 3. Not only does this gut Google's compulsory process argument, but it does the same to the underlined point it made under the witness transportation cost issue concerning the lack of a statement from Richard Qian regarding his willingness to travel to Marshall, Texas. Response at 18.[7]

Google also points to the location of its own witnesses as somehow supporting its opposition to transfer. Employee witnesses are not part of the analysis of the convenience of the witnesses. *Nice Systems, Inc. v. Witness System, Inc.*, 2006 U.S. Dist. LEXIS 74642 *7 (D. Del. Oct. 12, 2006) ("Employee witnesses, however, are not part of the analysis of this factor because they are presumed willing to testify at trial."). Moreover, Google has failed to identify any witness who is unwilling to testify voluntarily in Texas or that their information is not available in another form. This undermines Google's opposition to transfer. *Id.*

---

7   In view of Google's global presence and size it should not be heard to complain about costs or convenience of litigating in Texas. Complaint, ¶ 6 ("Google's mission is to organize the world's information and make it universally accessible and useful.").

**PAGE 6 -   REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

### E. Google's Cite To *CollegeNET* Actually Supports Transfer

Google cites *CollegeNET, Inc. v. ApplyYourself, Inc.*, 2002 WL 33962845 *5 (D. Or. July 26, 2002) as supporting its position. In that case, the patent owner, CollegeNET, filed a patent infringement action against the accused infringer, ApplyYourself, in Oregon. About a month later, ApplyYourself filed a declaratory judgment action against CollegeNET in Virginia, and then a short time later filed a motion to transfer the first-filed Oregon case to Virginia where its declaratory judgment action was pending. In ruling on the motion, the Court recognized the fundamental principle that forms the basis for Traffic's motion to transfer, namely: **"Judicial economy requires that only one of the two cases should proceed."** *CollegeNET*, 2002 WL 33962845 *3 (emphasis added). In denying the motion to transfer, the Court relied in part on the "first to file" rule and gave preference to the first-filed Oregon action.

The situation is reversed here, but the fundamental judicial economy principle is equally applicable. The first-filed T-Mobile case is in Texas (i.e., the proposed transferee court). Google's action here is the second-filed action. In *CollegeNET*, the judicial economy factor favored retention of the first-filed case in Oregon. In this case, however, the judicial economy factor counsels in favor of transfer to Texas where the directly-related first-filed T-Mobile case is pending.[8]

---

[8] Google attempts to divert attention from the fact that the T-Mobile case in Texas is the first-filed case by pointing to the other Traffic cases that were filed after this case. That, of course, does not change the fact that the T-Mobile case – which is so closely intertwined with this one – was filed before this case. Google also attempts to divert attention away from this fact by referring to a clerical mistake made in filing Traffic's *Yahoo!* case. That clerical error has no relevance to Traffic's motion to transfer. On the subject of Traffic's other actions in Texas, for completeness of the record, one of those cases that was pending when Traffic filed its motion has now been dismissed. Second Russell Decl. ¶ 5.

**PAGE 7 -   REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

### F. Google's Customer-Manufacturer Argument Is Unpersuasive

Google cites *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) and *Codex Corp. v. Yellow Freight System, Inc.*, 553 F.2d 735 (1st Cir. 1977) as supporting its argument that a manufacturer suit should be given preference over a customer suit. Those cases are inapplicable as they involved different fact patterns and issues. Instead of motions to transfer, each of those cases addressed motions to enjoin prosecution of earlier-filed actions pending in other districts. In addition, in *Codex*, the court limited its recognition of any such preference to situations where the second-filed manufacturer case was brought "in its home forum". *Codex*, 553 F.2d at 738. Google did not file in its home forum. As such, *Codex* does not support Google's argument.

An additional distinction is that the alleged "customer suit" here (i.e., the T-Mobile action in Texas) is not limited to Google's "customer", T-Mobile. Instead, it involves T-Mobile plus a number of other defendants, e.g., Verizon, AT&T, JVC, and Sprint, and that case is going forward in Texas. (Exhibit 1 to Russell Decl.) It is also significant that *Codex* was decided prior to formation of the Federal Circuit. Thirty years ago, in 1977, when *Codex* was decided, the importance of venue was far greater since the outcome of a patent case was believed to depend on the circuit in which the case was filed. *Id.* ("[I]t is well known that the patent bar believes that the hospitality accorded patents varies markedly from circuit to circuit."). That consideration is no longer supportive of any preference since patent appeals now go to the Federal Circuit.[9]

### G. Google's Sever/Joinder Cases Are Irrelevant

---

9   Google claims it is unknown whether the Texas cases will be consolidated and therefore Traffic is speculating as to whether an efficiencies will be realized. All of the Traffic cases pending in Texas are before the same Judge (Hon. T. John Ward). Second Russell Decl. ¶ 5. For all of the cases, irrespective of consolidation, Judge Ward will be the one learning the technology, studying the patents and file histories, construing the claims, making various rulings, and presiding over trial.

**PAGE 8 -   REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Google also cites a number of cases involving motions to sever for improper joinder. Response at 20-21. Those cases are irrelevant to Traffic's motion since motions to sever are decided under a different legal standard. The standard for motions to sever is under Rule 20 of the Federal Rules of Civil Procedure, whereas Traffic's transfer motion is decided under 28 U.S.C. 1404(a). Google attempts to divert the court's attention from the fact that the T-Mobile Texas case involves *identical* issues by pointing to Traffic's other cases involving other parties and non-Google products. Google's characterization of those cases as "unrelated" is erroneous since they involve one or both of the same patents at issue here. Even though those cases involve different products, the infringement and validity issues will still be closely related if not identical. But, again, none of that changes the fact that this action and the T-Mobile action involve *identical* issues, which strongly favors transfer.

Google also states that the "Eastern District of Texas is just as likely to sever and transfer Traffic's claims related to GMM to this district." Response at 22. No such motions have been filed. Google is engaging in wild speculation as to how a hypothetical motion might be decided.[10]

## III. CONCLUSION

Google's Complaint should be dismissed for lack of subject matter jurisdiction. Google cannot meet the standard for declaratory jurisdiction since its jurisdictional basis is an improperly-disclosed *confidential* communication between Traffic and a third party (T-Mobile). Under

---

[10] Google's reliance on *Nice Systems, Inc. v. Witness Systems, Inc.*, 2006 WL 2946179 (D. Del. Oct. 12, 2006) is misplaced because in that case the other cases in the transferor district were pending before three different Judges and two of the pending case had survived a motion to consolidate. Also, while there were ten patents at issue in the *Nice* case, that case does not state whether the cases in the transferee court involved the same patents. All of Traffic's Texas actions are pending before the same Judge, involve one or both of the patents at issue here, and no motions to consolidate or transfer have been filed. Second Russell Decl. ¶ 5.

**PAGE 9 - REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

*SanDisk*, the risk of a declaratory judgment action was avoided by designating the email to T-Mobile as confidential.

Even if declaratory jurisdiction exists, this case should be transferred to the Eastern District of Texas where multiple *related* patent lawsuits are pending, one involving T-Mobile. Allowing multiple actions involving the same issues to simultaneously proceed in two districts is contrary to judicial economy. Transferring this case to Texas will remove the risk of inconsistent rulings (e.g., on claim construction), eliminate duplicative litigation, and conserve scarce judicial resources. Finally, Google's argument that the Eastern District of Texas is a "venue without a unique connection to this case" (Response at 24) is belied by the numerous allegations in its Complaint expressly linking this case to the T-Mobile case pending in the Eastern District of Texas.

Dated this 18th day of September, 2009.

          STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

          By: /s/ C. Dale Quisenberry
              **Robert A. Shlachter,** OSB No. 911718
              **Timothy S. DeJong,** OSB No. 940662

          209 S.W. Oak Street, Fifth Floor
          Portland, Oregon 97204
          Telephone: (503) 227-1600
          Facsimile: (503) 227-1600
          Email: rshlachter@stollberne.com
                   tdejong@stollberne.com

          -AND-

          **C. Dale Quisenberry** (admitted *pro hac vice*)
          Email: dquisenberry@pqelaw.com
          **John T. Polasek**, (*pro hac vice* application to be filed)
          Email: tpolasek@pqelaw.com

**PAGE 10 - REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

**Jeffrey S. David**, (*pro hac vice* application to be filed)
Email: jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

**PAGE 11 - REPLY OF TRAFFIC INFORMATION, LLC TO OPPOSITION BY GOOGLE INC. TO MOTION TO DISMISS OR TRANSFER**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840