**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**C. Dale Quisenberry** (*admitted pro hac vice*)
Email: dquisenberry@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>TRAFFIC INFORMATION, LLC, a Texas limited liability company,<br><br>              Defendant. | Civil No.: 09-642-HU<br><br>**MEMORANDUM IN SUPPORT OF MOTION BY TRAFFIC INFORMATION, LLC FOR PROTECTIVE ORDER AND TO STAY DISCOVERY** |

## I. INTRODUCTION

Google has served extensive discovery requests and refuses to postpone discovery until this Court resolves Traffic's pending motion to dismiss for lack of subject matter jurisdiction. If Traffic's motion to dismiss is granted because there is no subject matter jurisdiction over the declaratory relief claims asserted by Google, then Google will not be entitled to discovery from Traffic. Furthermore, Google does not contend that it needs this discovery in support of its opposition to the pending motion to dismiss, which has been fully briefed, argued and taken under advisement. Therefore, Traffic should not be put to the tremendous burden and expense of responding to discovery requests that may be rendered moot by a ruling that this Court lacks subject matter jurisdiction. Accordingly, Traffic requests a protective order or stay of all discovery pending resolution of Traffic's motion to dismiss.

## II. BACKGROUND FACTS

On June 9, 2009, Google filed this action seeking declaratory relief with respect to certain patents owned by Traffic. [Complaint, Dkt. 1]. On July 30, 2009, Traffic was served with the Complaint. [Dkt. 7]. On August 14, 2009, Traffic filed a motion to dismiss for lack of subject matter jurisdiction and alternative motion to transfer venue. [Dkt. 8]. After the completion of briefing on Traffic's motions, the Court heard oral argument on Traffic's motions on October 21, 2009. [Dkt. 22]. The Court has not yet ruled on Traffic's motions. On November 2, 2009, Google served its first sets of interrogatories and document requests on Traffic. [Declaration of C. Dale Quisenberry, ¶ 2 (Exhibits 1 and 2)]. Google's requests – including eleven (11) interrogatories and sixty (60) document requests – seek discovery on a wide range of topics, but such discovery is not needed for purposes of Traffic's pending motion to dismiss. *Id.*, ¶ 3. Traffic would incur significant

**PAGE 1 -   MEMORANDUM IN SUPPORT OF MOTION BY TRAFFIC INFORMATION, LLC FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

burden and expense in responding to Google's requests. *Id.* On November 18, 2009, Traffic sought Google's consent to defer Traffic's deadline to respond to Google's discovery requests until after Traffic's motion to dismiss has been decided, as this would avoid the potential waste of time, effort, expense, burden and inconvenience in responding to the discovery requests in the event the motion to dismiss is granted. *Id.*, ¶ 4. The parties conferred in good faith to reach agreement and avoid the filing of this motion, but were unable to reach agreement. *Id*. As such, Traffic is filing this motion for protective order and to stay discovery.

### III. DISCOVERY SHOULD BE STAYED UNTIL AFTER THE COURT DECIDES TRAFFIC'S MOTION TO DISMISS

In accordance with Rule 26(c)(1) of the Federal Rules of Civil Procedure, which governs the issuance of protective orders, "[a] party or person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed.R.Civ.P 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . ." *Id.* Furthermore, district courts have broad discretion and inherent power to stay discovery pending resolution of preliminary matters that may dispose of the case. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987), *citing Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L.Ed. 153 (1936).

The issue presented by Traffic's instant motion is whether a protective order should be issued to stay discovery in light of its pending motion to dismiss for lack of subject matter jurisdiction. The Ninth Circuit addressed this question in *Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987). There, in addressing this issue, the Ninth Circuit stated that, when a motion to dismiss is pending, "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis*, 833 F.2d 155, *citing Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). The Ninth Circuit held in *Jarvis*

**PAGE 2 -   MEMORANDUM IN SUPPORT OF MOTION BY TRAFFIC INFORMATION, LLC FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

that the district court did not abuse its discretion in staying discovery since there were no factual issues on which discovery was required in order to resolve the motion to dismiss. *Id.* Likewise, in *Rae*, the Ninth Circuit concluded that the district court did not abuse its discretion in staying discovery pending resolution of the Rule 12(b) motion to dismiss since the plaintiff "failed to point to any specific information obtainable through discovery that would have enabled it to state a federal cause of action." *Rae*, 725 F.2d at 481.[1]

In this case, Google is not seeking discovery for purposes of responding to Traffic's motion to dismiss. Indeed, Traffic's motion to dismiss has already been fully briefed and argued without the need of any discovery. As such, since there are no factual issues on which discovery is required in order to resolve Traffic's motion to dismiss, the Court should grant this motion and stay discovery pending resolution of Traffic's motion to dismiss. *Jarvis*, 833 F.2d 155; *Rae*, 725 F.2d at 481.

## IV. CONCLUSION

Because discovery is not needed to resolve Traffic's pending motion to dismiss, and the adjudication of Traffic's motion to dismiss may obviate the need for burdensome discovery and undue expense and inconvenience to Traffic, Traffic's motion for protective order and to stay discovery should be granted until resolution of the pending motion to dismiss.

---

1 *See also Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) ("The sole result of such discovery, pending resolution of OPM's motion, would be cost and inconvenience, which would impose an undue burden on the time and resources of the OPM and its agents."); *Florsheim Shoe Co. v. U.S.*, 744 F.2d 787, 797 (Fed. Cir. 1984) (finding no abuse of discretion where district court stayed discovery pending disposition of motion to dismiss where no discovery was necessary for purposes of motion to dismiss).

**PAGE 3 -   MEMORANDUM IN SUPPORT OF MOTION BY TRAFFIC INFORMATION, LLC FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Dated this 16th day of December, 2009.

        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

        By:  /s/ C. Dale Quisenberry
         **Robert A. Shlachter,** OSB No. 911718
         **Timothy S. DeJong,** OSB No. 940662

        209 S.W. Oak Street, Fifth Floor
        Portland, Oregon 97204
        Telephone: (503) 227-1600
        Facsimile: (503) 227-1600
        Email:  rshlachter@stollberne.com
            tdejong@stollberne.com

        -AND-

        **C. Dale Quisenberry** (*admitted pro hac vice*)
        Email: dquisenberry@pqelaw.com
        POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
        6750 West Loop South, Suite 920
        Bellaire, Texas 77401
        Telephone: (832) 778-6000
        Facsimile: (832) 778-6010

        ***Attorneys for Defendant Traffic Information, LLC***

**PAGE 4 -**  **MEMORANDUM IN SUPPORT OF MOTION BY TRAFFIC INFORMATION, LLC FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840