**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Thomas H. Shunk** (Ohio Bar No. 0025793)
TShunk@bakerlaw.com
(admitted *pro hac vice*)
**Christina J. Moser** (Ohio Bar No. 0074817)
cmoser@bakerlaw.com
(admitted *pro hac vice*)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **GOOGLE INC.**,<br><br>        Plaintiff,<br><br>v.<br><br>**TRAFFIC INFORMATION LLC**,<br><br>        Defendant. | No. CV09-642-HU<br><br>**FIRST SET OF INTERROGATORIES BY PLAINTIFF GOOGLE, INC., DIRECTED TO DEFENDANT TRAFFIC INFORMATION LLC** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Google Inc. ("Google") hereby requests that defendant Traffic Information, LLC ("Traffic") answer the following Interrogatories under oath, within thirty days after service.

1- PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

dockets.Justia.com

# I. Definitions

The following definitions are to be utilized in responding to these interrogatories.

1. "You", "your" and "Traffic" mean the defendant Traffic Information LLC to which these Interrogatories are directed. A document is to be considered "in your possession" if it is in the possession, custody or control of the defendant, or of any parents, subsidiaries, affiliates, divisions, predecessors, successors, or related entities of the defendant, or any of their past and present directors, officers, employees, attorneys, agents or representatives.

2. "Traffic Patents" means U.S. Patent Nos. 6,466,862 B1 and 6,785,606 B2, issued on October 15, 2002, and August 31, 2004, respectively; individually, those patents will be referred to hereinafter as the "862 Patent" and the "606 Patent."

3. "Related Traffic Patent Applications" means any U.S. or foreign patent application claiming priority based upon the 862 Patent, the 606 Patent, or U.S. Patent No. 6,574,548, or upon U.S. Provisional Applications SN 60/130399, SN 60/166868 or SN 60/189913.

4. "Related Traffic Patent Litigation" means any pending or closed legal action based in whole or in part upon allegations of infringement of claims of the 862 Patent or the 606 Patent or upon allegations of the invalidity or unenforceability of either of those patents.

5. "GMM" means the software application known as Google Maps for Mobile, and every combination of products or services that includes a version of Google Maps for Mobile and that Traffic alleges is covered by any claim of the Traffic Patents.

2- PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

6. The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency and any agent of the foregoing.

7. The term "identify" when used with respect to natural persons means to state the person's full name, last known home address, last known business address and telephone number, last known title or occupation, and last known employer.

8. The term "identify" when used with respect to a document or thing means to provide information sufficient to locate that document or thing, including but not limited to the following: the date appearing on such document or thing, if no date appears thereon, the approximate date the document or thing was prepared; author(s) or individuals who directed that the document or thing be created; the sender(s) and addressee(s) of the document or thing; a general description of such document or thing (e.g. letter, memorandum, drawing, etc.); and, if applicable, the identification (e.g., "Bates") number or electronic file name of the document or thing, and any other information necessary to identify the document or thing with sufficient particularity to meet the requirements for inclusion in a motion to compel discovery pursuant to Fed. R. Civ. P. 26 and 37. If any document or thing was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reasons for such disposition.

9. The term "identify" when used with respect to an event or communication means to state the date it occurred, the names and positions of the individuals participating and/or present, the location where it occurred, and a description of the event or the subject matter of the communication.

3- PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT

10. The term "document" includes any written document, electronically stored information or other tangible thing, and is used in its broadest sense as defined in Fed. R. Civ. P. 34(a)(1)(A) and (B). Regarding electronically stored information, the term includes, without limitation, computer disks, diskettes, tapes, cards, or any other form of computer data storage, electronic data, or electronically stored information (regardless of the physical location of the computer on which the information is stored), existing or deleted files, metadata, data collected and stored through use of the Internet, e-mail, sound recordings, and video recordings. Regarding information other than that stored electronically, the term includes, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, video recordings, images, papers, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda and communications, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and all other data or data compilations stored in any medium from which information can be obtained, however produced or reproduced, whether sent or received. The term includes original copies as well as all drafts thereof, regardless of author or origin, or however denominated by the recipient of these Interrogatories. The term also includes all copies that are not identical with the original, such as those bearing marginal comments and other notations not present on the original document as initially written, typed or otherwise prepared. In all instances in which a document, or a series of documents, has been prepared on a periodic basis (such as monthly, quarterly, semiannually, annually, etc.), the document reflecting each such period is requested.

4- PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

11. The term "any" means "any and all."

12. The terms "relate to" and "relating to" shall mean referring to, concerning, regarding, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, and/or constituting (in whole or in part), as the context makes appropriate.

## II. Instructions

1. In responding to these Interrogatories, furnish all available information, including information in the possession, custody, or control of any of Defendant's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Defendant's control, who have the best knowledge.

2. If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, specify the portion of each Interrogatory that cannot be responded to fully and completely, and state what knowledge, information or belief Defendant has concerning the unanswered portion of any such Interrogatory.

3. If, in responding to these Interrogatories, Defendant encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4. If any answer to an Interrogatory is refused under any claim of privilege, including, but not limited to, the work product doctrine or attorney/client privilege, Defendant

5- PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

shall identify the information being withheld with particularity in accordance with the Federal Rules of Civil Procedure and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following information:

    i. the basis on which privilege is claimed;

    ii. the names and positions of the author of the document and all other persons participating in the preparation of the document;

    iii. the names and positions of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

    iv. the date of the document;

    v. a description of any accompanying material transmitted with or attached to such document;

    vi. the number of pages in such document;

    vii. the particular interrogatory to which such document is responsive; and

    viii. whether any business or non-legal matter is contained or discussed in such document.

5. If Defendant's response to a particular Interrogatory is a statement that Defendant lacks the ability to respond to that Interrogatory, Defendant must specify the reason for that inability, including without limitation whether the particular item or category of information never existed, or has been destroyed, lost, misplaced, or stolen, or has never been, or is no longer in Defendant's possession, custody, or control. In the latter case, the name and address of any

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

person or entity known or believed by Defendant to have possession, custody, or control of that information or category of information must be identified.

6. These requests are continuing in nature so as to require Defendant to provide supplemental information as set forth in Fed. R. Civ. P. 26(e).

### III. Interrogatories

1. Identify all persons who contributed to, or have personal knowledge of the facts relating to, the invention of, conception of, reduction to practice of (including diligence in achieving that reduction to practice), testing of, commercialization of, improvement of, or submission for patent protection of, any of the inventions claimed in the Traffic Patents or the Related Traffic Patent Applications, stating briefly that individual's contribution, or area of personal knowledge of the facts.
RESPONSE:

2. Identify all persons who have conducted an analysis comparing GMM to any of the limitations of the claims of the Traffic Patents.
RESPONSE:

3. Identify all persons who have conducted an analysis comparing claims of the Traffic Patents to any document, publication, device or method known publicly prior to the earlier of the filing date or date of invention of any of those claims, for purposes of considering the patentability or validity of those claims pursuant to 35 U.S.C. § 102 or §

103.

RESPONSE:

4. Identify, by application number and examining entity, each Related Traffic Patent Application.

RESPONSE:

5. Identify each claim in each of the Traffic Patents that you believe is infringed by GMM, or that you believe is infringed when GMM is used along with other products or services, indicating which version(s) of GMM you believe infringe each of those claims and further identifying the other products or services you believe are involved in the infringement and the entities that sell, offer for sell or use those other products or services as part of the infringement.

RESPONSE:

6. Identify each word or phrase in each claim of the Traffic Patents that you believe has a meaning other than the normal English meaning for that word or phrase, and state what meaning you believe that word or phrase has in the context of those claims.

RESPONSE:

7. Identify all persons and entities that are or have been parties to a license negotiation relating to the Traffic Patents, or the Related Traffic Patent Applications and any patents

8- PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

stemming therefrom, regardless of whether the negotiations resulted in a signed agreement, and including without limitation any attempt to license, sell, assign, mortgage, collateralize, commercialize, or otherwise transfer any rights regarding the Traffic Patents or any covered product embodying the alleged invention(s) of the Traffic Patents.

RESPONSE:

8. Identify all license agreements, whether oral, signed or in draft form, including without limitation any attempt to license, sell, assign, mortgage, collateralize, commercialize, or otherwise transfer intellectual property rights, of which You are aware that relate to the field of providing information to mobile users.

RESPONSE:

9. Identify the dollar amount by which Traffic believes it has been damaged as a consequence of Google's alleged infringement of the Traffic Patents, stating whether such dollar amount is calculated as lost profits or as a reasonable royalty or a combination thereof, and identifying the product made, sold or licensed by Traffic on which any lost profits are based, and the date on which you contend the damages period began.

RESPONSE:

10. Identify with particularity any product or device designed, developed, manufactured, tested, used, made, sold, offered for sale, or imported into the United States by Traffic,

9- PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Traffic's licensees, any named inventor of the Traffic Patents, any predecessor in interest to the Traffic Patents, and/or any joint venture of which Traffic was or is a part, that falls within the scope of any of the claims of the Traffic Patents, and for each such product or device state whether and when the product or device was first marked with an identification of the Traffic Patents.

RESPONSE:

DATED: November 2, 2009

Respectfully submitted,

*[signature]*

Thomas H. Shunk (Ohio Bar No. 0025793)
Christina J. Moser (Ohio Bar No. 0074817)
**Baker & Hostetler LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

(admitted *pro hac vice*)

Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff

10- PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

CERTIFICATE OF SERVICE

I certify that the foregoing was served upon counsel for Defendant by regular mail addressed as follows, and also by e-mail (in Word format as well as .pdf format) as provided for by Local Rule, on November 2, 2009.

C. Dale Quisenberry
John T. Polasek
Jeffrey S. David
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Robert A. Shlachter, OSB No. 911718
Timothy S. Dejong, OSB No. 940662
STOLL STOLL BERNE LOKTING &
SHLACHTER P.c.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Defendant

_____
An Attorney for Plaintiff

1- PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222