**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Thomas H. Shunk** (Ohio Bar No. 0025793)
TShunk@bakerlaw.com
(admitted *pro hac vice*)
**Christina J. Moser** (Ohio Bar No. 0074817)
cmoser@bakerlaw.com
(admitted *pro hac vice*)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **GOOGLE INC.,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**TRAFFIC INFORMATION LLC,**<br><br>　　　　　Defendant. | No. CV09-642-HU<br><br>**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS BY PLAINTIFF GOOGLE, INC., DIRECTED TO DEFENDANT TRAFFIC INFORMATION LLC** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Google Inc. ("Google") hereby requests that defendant Traffic Information, LLC ("Traffic") produce for inspection and copying all documents specified in this request within its possession, custody or control, within thirty days after service of these requests at the offices of Baker Hostetler, 1900

1- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

dockets.Justia.com

E. 9th Street, 3200 National City Center, Cleveland, OH 44114, or at such other place as the parties deem to be mutually acceptable.

## I. Definitions

The following definitions are to be utilized in responding to these requests for production of documents.

1. "You", "your" and "Traffic" mean the defendant Traffic Information LLC to which these requests for production are directed. A document is to be considered "in your possession" if it is in the possession, custody or control of the defendant, or of any parents, subsidiaries, affiliates, divisions, predecessors, successors, or related entities of the defendant, or any of their past and present directors, officers, employees, attorneys, agents or representatives.

2. "Traffic Patents" means U.S. Patent Nos. 6,466,862 B1 and 6,785,606 B2, issued on October 15, 2002, and August 31, 2004, respectively; individually, those patents will be referred to hereinafter as the "862 Patent" and the "606 Patent."

3. "Related Traffic Patent Applications" means any U.S. or foreign patent application claiming priority based upon the 862 Patent, the 606 Patent, or U.S. Patent No. 6,574,548, or upon U.S. Provisional Applications SN 60/130399, SN 60/166868 or SN 60/189913.

4. "Related Traffic Patent Litigation" means any pending or closed legal action based in whole or in part upon allegations of infringement of claims of the 862 Patent or the 606 Patent or upon allegations of the invalidity or unenforceability of either of those patents.

2- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

5. "GMM" means the software application known as Google Maps for Mobile, and every combination of products or services that includes a version of Google Maps for Mobile and that Traffic alleges is covered by any claim of the Traffic Patents.

6. "The Inventors" means the individuals named as inventors on the face of the 862 and 606 Patents, *viz.*, Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian.

7. The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency and any agent of the foregoing.

8. The term "identify" when used with respect to natural persons means to state the person's full name, last known home address, last known business address and telephone number, last known title or occupation, and last known employer.

9. The term "identify" when used with respect to a document or thing means to provide information sufficient to locate that document or thing, including but not limited to the following: the date appearing on such document or thing, if no date appears thereon, the approximate date the document or thing was prepared; author(s) or individuals who directed that the document or thing be created; the sender(s) and addressee(s) of the document or thing; a general description of such document or thing (e.g. letter, memorandum, drawing, etc.); and, if applicable, the identification (e.g., "Bates") number or electronic file name of the document or thing, and any other information necessary to identify the document or thing with sufficient particularity to meet the requirements for inclusion in a motion to compel discovery pursuant to Fed. R. Civ. P. 26 and 37. If any document or thing was, but is no longer in your possession or

3- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

subject to your control, state what disposition was made of it and the reasons for such disposition.

10. The term "identify" when used with respect to an event or communication means to state the date it occurred, the names and positions of the individuals participating and/or present, the location where it occurred, and a description of the event or the subject matter of the communication.

11. The term "document" includes any written document, electronically stored information or other tangible thing, and is used in its broadest sense as defined in Fed. R. Civ. P. 34(a)(1)(A) and (B). Regarding electronically stored information, the term includes, without limitation, computer disks, diskettes, tapes, cards, or any other form of computer data storage, electronic data, or electronically stored information (regardless of the physical location of the computer on which the information is stored), existing or deleted files, metadata, data collected and stored through use of the Internet, e-mail, sound recordings, and video recordings. Regarding information other than that stored electronically, the term includes, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, video recordings, images, papers, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda and communications, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and all other data or data compilations stored in any medium from which information can be obtained, however produced or reproduced, whether sent or received. The term includes original copies as well as all drafts thereof, regardless of author or origin, or

4- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

however denominated by the recipient of these requests. The term also includes all copies that are not identical with the original, such as those bearing marginal comments and other notations not present on the original document as initially written, typed or otherwise prepared. In all instances in which a document, or a series of documents, has been prepared on a periodic basis (such as monthly, quarterly, semiannually, annually, etc.), the document reflecting each such period is requested.

12. The term "any" means "any and all."

13. The terms "relate to" and "relating to" shall mean referring to, concerning, regarding, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, and/or constituting (in whole or in part), as the context makes appropriate.

## II. Instructions

The following instructions are to be utilized in responding to these document requests.

1. Furnish all available information, including information in the possession, custody, or control of any of Defendant's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Defendant's control.

2. If you cannot fully respond to the following requests for production after exercising due diligence to secure the information requested thereby, so state, specify the portion of each request that cannot be responded to fully and completely, and state what knowledge, information or belief Defendant has concerning the unanswered portion of any such request.

5- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3. If, in responding to these requests, Defendant encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4. If any production of documents responsive to a request is refused under any claim of privilege, including, but not limited to, the work product doctrine or attorney/client privilege, Defendant shall identify the information being withheld with particularity in accordance with the Federal Rules of Civil Procedure and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following information:

   i. the basis on which privilege is claimed;

   ii. the names and positions of the author of the document and all other persons participating in the preparation of the document;

   iii. the names and positions of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

   iv. the date of the document;

   v. a description of any accompanying material transmitted with or attached to such document;

   vi. the number of pages in such document;

   vii. the particular request to which such document is responsive; and

   viii. whether any business or non-legal matter is contained or discussed in such document.

6- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

5.  If Defendant's response to a particular request is a statement that Defendant lacks the ability to respond to that request, Defendant must specify the reason for that inability, including without limitation whether the particular item or category of information never existed, or has been destroyed, lost, misplaced, or stolen, or has never been, or is no longer in Defendant's possession, custody, or control. In the latter case, the name and address of any person or entity known or believed by Defendant to have possession, custody, or control of that information or category of information must be identified.

6.  These requests are continuing in nature so as to require Defendant to provide supplemental information as set forth in Fed. R. Civ. P. 26(e).

### III.  Document Requests

1.  All documents reflecting work done by any person directed to the invention, reduction to practice, testing, modification or improvement of any invention claimed in the Traffic Patents.

2.  All documents reflecting the formation, structure and/or ownership interests in the "partnership comprised of four individuals, namely Kevin L. Russell, Bruce W. DeKock, Richard J. Qian, and Wes Okamoto" referred to in the Statement of Status as Small Entity signed on or about March 15, 2000, and submitted to the U.S. Patent and Trademark Office in application SN 60/189913.

3.  All documents reflecting the formation, structure and/or ownership interests in the "partnership comprised of four individuals, namely Kevin L. Russell, Bruce W. DeKock, Richard J. Qian, and Wes Okamoto" referred to in the Statement of Status as Small Entity

7- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

signed on or about April 13, 2000, and submitted to the U.S. Patent and Trademark Office in application SN 09/550476.

4. All documents reflecting the formation, structure and/or ownership interests in Traffic Information, LLC.

5. All documents reflecting transfers of ownership interests in any of the Traffic Patents or the Related Traffic Patent Applications from the original and subsequent owners thereof to any other entities.

6. All documents reflecting consideration paid by any person or entity in connection with the transfer of any ownership interests in any of the Traffic Patents or the Related Traffic Patent Applications.

7. All documents and things constituting, describing or regarding prototypes relating to any invention claimed in the Traffic Patents.

8. All documents and things constituting, describing or regarding research or development relating to any invention claimed in the Traffic Patents, including without limitation laboratory notebooks, schematics, drawings, specifications, source code, artwork, formulas, publications, papers, speeches, abstracts, and any materials that mention or discuss the Traffic Patents or its inventors, including without limitations documents sufficient to identify each person that worked on the project or projects that led to the development of the alleged invention(s) claims in the Traffic Patents.

9. All documents and things constituting, describing or regarding commercially-offered products or services relating to any invention claimed in the Traffic Patents which products or services were commercialized by an entity with whom any of the Inventors

8- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

were employed or affiliated at the time of or prior to commercial offering, including without limitation any analysis, studies, reports, memoranda, opinions, advice, communications, or correspondence documents regarding the decision to commercialize the Traffic Patents and the market of such products or services.

10. All documents exchanged between the Inventors or their agents or attorneys and the United States Patent Office regarding the prosecution of the Traffic Patents.

11. All documents exchanged between the inventors named in the Related Traffic Patent Applications or their agents or attorneys and the United States Patent Office regarding the prosecution of the Related Traffic Patent Applications.

12. All documents exchanged between the inventors named in the Related Traffic Patent Applications or their agents or attorneys and any foreign or international patenting agency regarding the prosecution of any foreign patent applications related to the Related Traffic Patent Applications.

13. All documents reflecting searches done by any person for publications, products or services that may be or might have been material to the patentability of the claims of the Traffic Patents or the Related Traffic Patent Applications.

14. All documents reflecting the prior art systems and methods set out specifically in the 862 Patent at col. 1, line 9 through col. 4, line 28, or in the 606 Patent at col. 1, line 15 through col. 4, line 32.

15. All documents reflecting searches done by any person for publications, products or services embodying all or substantially all of the limitations of any claim of the Traffic Patents or any claim sought in the Related Traffic Patent Applications, where the

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

publication, product or service was created, produced or provided prior to February 13, 2003.

16. All documents You believe demonstrate that the inventions set out in the Traffic Patents have met with commercial success, or have solved a long-felt but unsolved need, or that show the failure of others to conceive of those inventions, or unexpected results relating to those inventions, or skepticism regarding the inventions, or any other any objective indicia of non-obviousness of the Traffic Patents or Related Traffic Patent Applications.

17. All documents utilized by any of the Inventors in the course of conceiving of, or reducing to practice, any of the inventions claimed in the Traffic Patents or Related Traffic Patent Applications.

18. All documents discussing the abandonment U.S. Patent applications SN 10/880409, 11/168046, 11/261548, 11/270249, or 11/891247, or any other of the Related Traffic Patent Applications that has been abandoned.

19. All documents discussion the reasons for filing or the decision to file any of the Traffic Patents or any of the Related Traffic Patent Applications.

20. All documents purporting to analyze whether or not GMM, by itself or in combination with other products or services, infringes any claim of the Traffic Patents or Related Traffic Patent Applications.

21. All claim charts purporting to compare elements of GMM to claims of the Traffic Patents or Related Traffic Patent Applications.

10- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

22. All documents purporting to analyze whether or not any product or service other than GMM, by itself or in combination with other products or services, infringes any claim of the Traffic Patents or Related Traffic Patent Applications.

23. All documents that discuss the nature of, or the operation of, GMM, or any other product(s) or services(s) Traffic has contended infringe the Traffic Patents or Related Traffic Patent Applications.

24. All documents reflecting any efforts of which You are aware to reverse engineer the details of, or the functioning of, GMM, or any other product(s) or services(s) Traffic contends or has contended infringe the Traffic Patents or Related Traffic Patent Applications.

25. All documents reflecting testing done by You or on Your behalf of the operation of GMM, or any other product(s) or services(s) Traffic has contended infringe the Traffic Patents or Related Traffic Patent Applications, on any mobile handset.

26. All documents purporting to analyze the scope, validity or enforceability of any claim of the Traffic Patents or Related Traffic Patent Applications.

27. All documents You believe are appropriately consulted in resolving the meaning of any of the words or phrases of the claims of the Traffic Patents or Related Traffic Patent Applications.

28. All pleadings from the Related Traffic Patent Litigation.

29. All deposition and hearing transcripts from the Related Traffic Patent Litigation.

30. All documents exchanged between the parties in the Related Traffic Patent Litigation.

11- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

31. All licenses and draft licensing agreements in Your possession relating to the Traffic Patents or the Related Traffic Patent Applications.

32. All licenses and draft licensing agreements of which You are aware that relate to the licensing of intellectual property in the field of the provision of information to mobile users.

33. All documents reflecting any attempt by Traffic to enforce or license any Traffic Patents or Related Traffic Patent Applications, whether successful or not, either in the United States or abroad, including without limitation any patent license agreements, sublicenses, assignments, or licensing negotiations relating to the Traffic Patents or Related Traffic Patent Applications.

34. All documents reflecting any attempt to settle claims You have made against entities other than Google relating to the Traffic Patents or the Related Traffic Patent Applications, whether successful or not, either in the United States or abroad, including without limitation any covenants not to sue, settlement agreements, or settlement negotiation notes or memoranda.

35. Documents sufficient to show the practices and policies of Traffic and of any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application, concerning the storage, retention, archiving, and destruction of documents, including without limitation practices or policies regarding schematic diagrams, technical specifications, source code, invention disclosures, electronic mail and patents.

12- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

36. All documents You intend to offer either in evidence or for demonstrative purposes in connection with any claim construction hearing, summary judgment hearing or trial of the issues in this case.

37. All opinions of expert witnesses You intend to offer in connection with any claim construction hearing, summary judgment hearing or trial of the issues in this case, and all documents upon which any such expert relies in reaching such opinion.

38. All documents, not otherwise requested herein, on which You relied in answering Google's interrogatories.

39. All documents that show any specific mode contemplated by the Inventors for carrying out each invention claimed in each Traffic Patent or Related Traffic Patent Application, including the best mode contemplated by the Inventors (as used in 35 U.S.C. § 112, 1st paragraph) from a period starting with the conception of the invention(s) and ending when the application for the Traffic Patent or Related Traffic Patent Application was filed.

40. All documents relating to alternative devices and methods for carrying out the objects of the inventions claimed in the Traffic Patents or Related Traffic Patent Applications.

41. All documents relating to any commercial or technical benefit claimed for the inventions set out in the Traffic Patents or Related Traffic Patent Applications.

42. All documents relating to Traffic's first awareness of Google's activities that form the basis of any allegation by Traffic that Google infringes the Traffic Patents or Related Traffic Patent Applications.

13- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43. All documents that Traffic maintains provided notice of the Traffic Patents or Related Traffic Patent Applications to Google, or show Google's awareness of the Traffic Patents or Related Traffic Patent Applications, prior to the filing of the Complaint in this matter.

44. All documents regarding any errors identified by You in the Traffic Patents or Related Traffic Patent Applications, including documents regarding Your awareness of such errors prior to the issuance of the Traffic Patents or Related Traffic Patent Applications.

45. All documents showing compliance with the requirements of 35 U.S.C. § 287 for marking patented articles, including without limitation all documents regarding the marking of commercial products that Traffic alleges are covered by any Traffic Patents or Related Traffic Patent Applications and whether such marking was done by Traffic or a licensee of a Traffic Patent.

46. All documents You contend are relevant to the construction of any limitation of any of the claims of the Traffic Patents.

47. All documents regarding any attempted or actual assignment, or attempted or actual change in the assignment, of the Traffic Patents or Related Traffic Patent Applications.

48. All documents reflecting any ownership or claim of ownership, or license or claim of license, of the Traffic Patents or Related Traffic Patent Applications.

49. All documents identifying any individual or entity who has, or previously had, a financial interest in the Traffic Patents or Related Traffic Patent Applications.

50. All documents regarding business plans or meetings relating to the Traffic Patents or Related Traffic Patent Applications, including without limitation all documents regarding

any communications with potential investors or other financially interested parties regarding the Traffic Patents or Related Traffic Patent Applications.

51. All documents containing a discussion of the financial condition, patents, or licensing activities of Traffic or of any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application, including without limitation all documents regarding that entity's communications with potential inventors or other financially interested parties.

52. All documents regarding the business structure and business plans of Traffic or of any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application, including without limitation all organizational charts and documents regarding the identity of any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, owner, member, director, board member, officer, agent, employee, consultant, investor, staff member or other representative of Traffic, including counsel and patent agents, principal place of business, and any business address or business location in any country.

53. All tax returns filed by Traffic or by any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application from 1999 to the present.

54. All audited and unaudited statements of financial condition relating to Traffic or to any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application from 1999 to the present.

55. All documents constituting or relating to the income and profit and loss statements of Traffic or of any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application, including without limitation projected net profits or losses on sales, licenses, distributions, or other transfer of any product that practices any claim of the Traffic Patents or Related Traffic Patent Applications.

56. All documents relevant to Your calculation of damages You claim You are owed with regard to infringement of the Traffic Patents by Google.

57. All documents relevant to any claim You may make that Traffic is entitled to damages or attorneys' fees in this action from Google, including without limitation any fee agreements with Traffic's legal counsel in this case.

58. All documents regarding the formal or informal policies, procedures, practices, or guidelines of Traffic or of any other entity which has or has had an ownership interest in any Traffic Patent or Related Traffic Patent Application, for licensing, sublicensing, or assigning rights of the Traffic Patents, Related Traffic Patent Applications, or other intellectual property.

59. All documents regarding Traffic's formal or informal policies, procedures, practices, or guidelines for obtaining patents or other intellectual property, including without limitation policies related to decisions to pursue patents, invention disclosures, patent prosecution and the citation of prior art.

60. All business plans, strategic plans, budgets, forecasts, and presentations created by anyone relating to the Traffic Patents or Related Traffic Patent Applications.

16- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: November 2, 2009        Respectfully submitted,

*[signature]*

Thomas H. Shunk (Ohio Bar No. 0025793)
Christina J. Moser (Ohio Bar No. 0074817)
**Baker & Hostetler LLP**
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

(admitted *pro hac vice*)


Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff

17- PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

CERTIFICATE OF SERVICE

I certify that the foregoing was served upon counsel for Defendant by regular mail addressed as follows, and also by e-mail in Word and in .pdf format as provided for by Local Rule, on November 2, 2009:

C. Dale Quisenberry
John T. Polasek
Jeffrey S. David
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Robert A. Shlachter, OSB No. 911718
Timothy S. Dejong, OSB No. 940662
STOLL STOLL BERNE LOKTING &
SHLACHTER P.c.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Defendant

_____
An Attorney for Plaintiff

1- PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222