Subject: Re: Google v. Traffic
Date: Tuesday, November 24, 2009 3:11 PM
From: C. Dale Quisenberry <dquisenberry@pqelaw.com>
To: "Shunk, Thomas" <TShunk@bakerlaw.com>
Cc: "Markley, Julia E. (Perkins Coie)" <JMarkley@perkinscoie.com>, "Moser, Christina J." <cmoser@bakerlaw.com>, Tim DeJong <TDeJong@stollberne.com>, Ted Polasek <tpolasek@pqelaw.com>

Thanks.

On 11/24/09 3:09 PM, "Shunk, Thomas" <TShunk@bakerlaw.com> wrote:

> Dale,
>
> Google is fine with your proposal as set out below.
>
> - Tom Shunk
> Baker Hostetler
>
> ---
>
> **From:** C. Dale Quisenberry [mailto:dquisenberry@pqelaw.com]
> **Sent:** Monday, November 23, 2009 10:12 PM
> **To:** Shunk, Thomas
> **Cc:** Markley, Julia E. (Perkins Coie); Moser, Christina J.; Tim DeJong; Ted Polasek
> **Subject:** Re: Google v. Traffic
>
> Tom: Thank you for your courtesy today in our call today regarding Google's paper discovery requests. This is to follow up per your request with a specific proposal for Google's consideration along the lines we discussed. As an initial matter, I have learned that Kevin Russell will be out of the country on vacation and unavailable from this Wednesday until December 5th. As for the specific proposal for Google's consideration, Traffic proposes the following:
>
> The parties agree that Traffic's deadline to respond to Google's discovery requests is extended by two weeks, until December 16, 2009, in the hope that the Court has ruled on the pending motion to dismiss by that time. If the court has not ruled by December 16, 2009, then Traffic will file its motion to stay on December 16, 2009. If the court grants the

motion to dismiss on or before December 16, 2009, then we will have saved the time and expense of responding to the discovery requests. If the court denies the motion to dismiss on or before December 16, 2009, then Traffic will have either (i) until December 30, 2009 to respond to the discovery requests or (ii) ten days after being served with the Magistrate Judge's Report and Recommendation denying the motion to dismiss to file written objections to such R&R and request that discovery be stayed pending the outcome of such objections.

Please discuss this with Google and get back to us with its thoughts.

Thank you.

Dale


On 11/23/09 11:37 AM, "C. Dale Quisenberry" <dquisenberry@pqelaw.com> wrote:

> Tom: Thank you for your email. We do not have a copy of the hearing transcript, but our recollection is that the Judge indicated he was deferring addressing the schedule until after his Report and Recommendation on the pending motions. Further, your comment that discovery should proceed since discovery will have to go forward regardless of venue does not address the basis for our view that discovery should be stayed, i.e., the pending motion to dismiss, not the motion to transfer venue. In other words, our view that discovery should be stayed is that if the motion to dismiss is granted, then discovery will not go forward in any venue. If we are unable to agree to extend Traffic's deadline to answer Google's discovery requests until a reasonable time after Traffic's motion to dismiss has been decided, then we will file a motion to stay discovery until after the motion to dismiss is decided. I will follow up with

you later today to meet and confer on this. In any event, we will need additional time to respond after the motion is decided and appreciate your indicated flexibility in reaching an agreed date at that time.

Regards,

Dale

On 11/23/09 9:11 AM, "Shunk, Thomas" <TShunk@bakerlaw.com> wrote:

> Dale,
>
> we believe the Judge made it clear at the hearing that discovery should proceed, so we do not wish to agree to stay discovery pending his ruling, particularly because discovery will have to go forward regardless of the venue of the action. However, we are flexible if defendant needs more time for response. I would be happy to consider your proposal for a partial response at this time with an agreed date for full response, etc., if defendant has difficulties meeting the current timetable.
>
> Regards,
> Tom Shunk
> Baker Hostetler

**From:** C. Dale Quisenberry [mailto:dquisenberry@pqelaw.com]
**Sent:** Wednesday, November 18, 2009 5:13 PM
**To:** Shunk, Thomas
**Subject:** Google v. Traffic

Tom: We are in receipt of Google's paper discovery requests. It occurs to us that the time and effort expending in responding to Google's requests may turn out to be wasted if the Court grants Traffic's pending motion to dismiss. As such, to avoid that potential, we propose that the parties agree to defer Traffic's deadline to respond to those requests until after the Traffic's motion to dismiss has been decided. This seems to be the most efficient path for the parties to take. Please let us know if this approach is agreeable to Google.

Thanks.

Dale

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted,

corrupted, lost,
destroyed, arrive late or incomplete, or contain
viruses. Therefore,
we do not accept responsibility for any errors or
omissions that are
present in this email, or any attachment, that
have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

EXHIBIT 3