**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**C. Dale Quisenberry** (*admitted pro hac vice*)
Email: dquisenberry@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Case No.: CV09-642-HU |
| Plaintiff, | |
| v. | **TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |
| TRAFFIC INFORMATION, LLC, a Texas limited liability company, | |
| Defendant. | |

## I. INTRODUCTION

Magistrate Judge Hubel issued Findings and Recommendation ("Recommendation") [Dkt. 27] on February 2, 2010, recommending that this Court deny Traffic's Motion To Dismiss and Motion to Transfer [Dkt. 8]. Traffic hereby files its objections to the Recommendation pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. 626(b)(1). For the reasons set forth below, and in Traffic's prior briefing [Dkt. 8-10, 18], which is incorporated herein by reference, Traffic respectfully requests that the Court decline to adopt the Recommendation.

## II. STANDARD

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. *Schroeder v. United States*, 2007 U.S. Dist. LEXIS 77462 *1-2 (D. Ore. October 16, 2007), *aff'd*, 569 F.3d 956 (9th Cir. 2009) (declining to adopt Magistrate Judge's Findings and Recommendation, and citing 28 U.S.C. § 636(b)(1), *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988), and *McDonnell Douglas Corp. v. Comm. Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981*)*, *cert. denied*, 455 U.S. 920 (1982)).[1]

## III. JUDICIAL ECONOMY REQUIRES TRANSFER TO THE EASTERN DISTRICT OF TEXAS WHERE RELATED CASES ARE PENDING

Traffic Information, LLC ("Traffic") is a Texas limited liability company and owner of the patents-in-suit. Traffic's principal business is conducted in Marshall, Texas, where it has filed a

---

[1] While Traffic objects both to the portion of the Recommendation denying Traffic's motion to dismiss for lack of subject matter jurisdiction and to the portion of the Recommendation denying Traffic's motion transfer, Traffic is not restating here everything contained in its prior briefing [Dkt. 8-10, 18] since it is incorporated herein by reference. Similarly, the record cites for the factual statements made herein are found in Traffic's prior briefing.

PAGE 1 - TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

number of patent infringement lawsuits involving one or both of the patents-in-suit; three such cases are currently pending.

It is beyond dispute that this case and Traffic's related pending cases in Texas will involve identical issues, such as claim construction and patent validity issues.

### A. Transfer To The Eastern District Of Texas Is Compelled Here Since Traffic's Pending Texas Cases Involve Identical Issues

The fact that this case and Traffic's pending cases in Texas involve identical issues compels transfer to Texas. Indeed, as explained by the Supreme Court, to deny transfer to Texas would thwart the purpose of 28 U.S.C. § 1404(a):

> To permit a situation where two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent.

*Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). This exact situation will be created if the Recommendation is adopted, i.e., two cases involving precisely the same issues will be simultaneously pending in different district courts, which will lead to wastefulness of time, energy, and money that § 1404(a) was designed to prevent. Neither Google's briefing nor the Recommendation addresses the Supreme Court's *Continental Grain* decision. The Recommendation is contrary to law as it does not consider or give proper weight to the fact that this case and the Texas cases involve identical issues, and the fact that keeping this case in Oregon will result in the useless waste of resources that § 1404(a) was designed to prevent.

### B. The Federal Circuit Recently Reaffirmed This Principle For Patent Cases, Calling It A "Paramount Consideration"

The Federal Circuit recently quoted the above quote from *Continental Grain* in stressing the importance of related patent lawsuits involving identical issues to the § 1404(a) analysis:

PAGE 2 - TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

> [T]he existence of multiple lawsuits involving the same issues is a *paramount consideration* when determining whether a transfer is in the interest of justice.

*In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (emphasis added). In so doing, the Federal Circuit denied a writ of mandamus seeking to vacate the trial court's denial of a motion to transfer, which would have created multiple cases simultaneously pending in two districts involving the same issues had it been granted. This Court should apply this same principle and transfer this case to Texas. This conclusion is especially compelled in light of the factual similarities between this case and the *Volkswagen* case, as explained below.

In *Volkswagen*, like here, the patent owner (MHL) was a Texas company based outside of Texas: Michigan in that case, and Oregon in this one. *Id.*, 566 F.3d at 1350. There, similar to here, the patent owner (MHL) filed multiple lawsuits (2 in that case) in the Eastern District of Texas against numerous defendants. *Id.* Volkswagen was a defendant in the first lawsuit. *Id.* Volkswagen filed a third lawsuit – a declaratory judgment action against MHL in Michigan, where the patent owner was based. *Id.* at 1351. "That case was transferred to the Eastern District of Texas to avoid wasting judicial resources and the risk of inconsistent rulings on the same patents." *Id.* (The same result is compelled here for the same reasons). Volkswagen then petitioned the Federal Circuit for a writ of mandamus to vacate the Michigan court's transfer order. *Id.* That petition was denied. *Id.* Volkswagen also moved to transfer the first Texas lawsuit to Michigan. The Eastern District of Texas denied that motion to transfer. Volkswagen petitioned the Federal Circuit for another writ of mandamus, this time to vacate the Texas court's order denying Volkswagen's motion to transfer to Michigan. As explained above, the Federal Circuit denied that petition as well since the district court's decision was "based on the rational argument that judicial economy is served by having the same district court try the cases involving the same patents." *Id.*

**PAGE 3 -   TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

This Court should decline to adopt the Recommendation for the same reason: judicial economy is served by having Judge Ward – the Judge assigned to all of Traffic's pending cases in the Eastern District of Texas – try the cases involving the same patents at issue in this case.

Here again, as with the *Continental Grain* decision, Google has not addressed or even acknowledged the *Volkswagen* decision. Although the Recommendation cites and quotes from the *Volkswagen* decision, there is no analysis of it or explanation of how keeping this case in Oregon would avoid wasting judicial resources or serve judicial economy. The Magistrate Judge clearly erred by not affording this consideration the "paramount" importance to which it is entitled.[2]

### C. Denying The Motion To Transfer Will Waste Judicial Resources And Risk Inconsistent Constructions Of The Same Patents

It is undeniable that judicial resources will be wasted if this case is not transferred to Texas. If the Court adopts the Recommendation, then two courts will be doing the same work. Both courts will have to study the same patents. Both courts will have to address the same issues, such as claim construction and validity issues. Both courts will have to hold duplicative *Markman* hearings. The Recommendation does not address Traffic's evidence that both courts will have to address the same claim construction and validity issues, but instead points to Google's argument that the infringement issues will be unique. (Recommendation at 14).

---

[2]   Another case relied on by Traffic that was not addressed by Google or the Recommendation is *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361 (4th Cir. 1966). Like here, *General Tire* also involved transfer of a declaratory judgment action. In *General Tire*, the plaintiff sued for patent infringement in Ohio against two infringers. *Id.*, 372 F.2d at 368. Later, two different infringers filed a declaratory judgment action in Maryland seeking relief regarding the same patent being enforced in Ohio. After the patentee's attempts to have the Maryland case transferred were denied, the Fourth Circuit, recognizing "the useless waste of judicial time and energy" that would result from "simultaneous trial of two suits in different circuits involving a number of identical questions of fact and law", issued a writ of mandamus directing the Maryland court to transfer the declaratory judgment action to Ohio. *Id.*

**PAGE 4 -  TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

In addition, if the Court adopts the Recommendation, in addressing the same claim construction issues, both courts will have to render claim construction orders setting forth their respective claim constructions. As such, adopting the Recommendation will create the risk of inconsistent claim constructions.

### D. Granting The Motion To Transfer Will Conserve Judicial Resources And Allow For Uniform Constructions Of The Same Patents

In contrast, declining to adopt the Recommendation, and instead transferring this case to the Eastern District of Texas, will conserve judicial resources by avoiding duplicative proceedings and the "wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Continental Grain*, 364 U.S. at 26. Transferring this case to Texas will allow one court to develop an understanding of the patents, uniformly apply the applicable law, provide uniform claim constructions, and provide consistent rulings.[3]

### IV. GOOGLE'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Google's complaint was filed based on a confidential email between Traffic and T-Mobile that was improperly shared with Google. Google's complaint should be dismissed because it is improper to base declaratory judgment jurisdiction on a confidential communication. As explained by the Federal Circuit, the risk of a declaratory judgment can be avoided through a confidentiality agreement. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1375 n.1 (Fed. Cir. 2007). The Magistrate Judge did "not find this argument persuasive because the record in this case contains no evidence even of an implied confidentiality agreement between T-Mobile and Traffic."

---

3   *See, e.g., FTC v. Watson Pharms.*, 611 F.Supp.2d 1081, 1089 (C.D.Cal. 2009) (transferring antitrust action where patent cases with "close ties" to the antitrust action were pending in the transferee court, and noting that transfer would "[alleviate] any risk of conflicting judgments.").

PAGE 5 -   TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Recommendation at 6. Traffic disagrees. The email in question was clearly labeled CONFIDENTIAL. Russell Decl. ¶ 6. Traffic did not consent to the disclosure of this confidential communication and T-Mobile never advised that it was not honoring Traffic's confidentiality designation. Russell Decl. ¶ 6. It was Traffic's understanding and expectation that the email would be kept confidential by T-Mobile. Second Russell Decl. ¶ 4. While Traffic and T-Mobile did not sign an *express* confidentiality agreement, the "CONFIDENTIAL" designation taken with the parties' course of conduct gives rise to an implied confidentiality agreement.[4]

As such, the Magistrate Judge clearly erred in concluding that "the record in this case contains no evidence even of an implied confidentiality agreement between T-Mobile and Traffic." Recommendation at 6. As set forth above, the record *does* contain such evidence. Moreover, Traffic's evidence has not been rebutted; the record contains no evidence to the contrary. Yet the Magistrate Judge has rejected Traffic's evidence. In effect, the Magistrate Judge has entered summary judgment of no implied confidentiality agreement without requiring Google to come forward with any evidence to rebut Traffic's evidence. This was improper because Google, not Traffic, bears the burden of establishing subject matter jurisdiction. *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007).

---

4   *See, e.g., Bryant v. Ellis*, 301 Ore. 633, 724 P.2d 811, 813 (1986) (recognizing contractual duty to keep information confidential "by factual implication" for professional persons); *Union Pac. Railroad Co. v. Mower*, 219 F.3d 1069, 1074 (9th Cir. 2000) (Oregon law recognizes implied duty of confidentiality in employer-employee relationship); *Kamin v. Kuhnau*, 222 Ore. 139, 374 P.2d 912, 919 (1962) (implied agreement not to use information).

**PAGE 6 -   TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

Accordingly, *SanDisk* compels the conclusion that Traffic's designating the email as CONFIDENTIAL removes the risk of the email giving rise to a declaratory judgment action. Google's Complaint should therefore be dismissed.

## V. CONCLUSION

For the reasons stated herein and in Traffic's prior briefing, Traffic requests that the Court decline to adopt the Recommendation, but instead grant Traffic's motion to dismiss or motion to transfer.

RESPECTFULLY SUBMITTED this 22nd day of February, 2010.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: /s/ C. Dale Quisenberry
**Robert A. Shlachter**, OSB No. 911718
**Timothy S. DeJong**, OSB No. 940662

209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-1600
Email:       rshlachter@stollberne.com
             tdejong@stollberne.com

-AND-

**C. Dale Quisenberry** (*admitted pro hac vice*)
Email: dquisenberry@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

PAGE 7 -  TRAFFIC'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION