**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**C. Dale Quisenberry** (*admitted pro hac vice*)
Email: dquisenberry@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Defendant Traffic Information, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Civil No.: 09-642-HU |
| Plaintiff, | |
| v. | **TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| TRAFFIC INFORMATION, LLC, a Texas limited liability company, | |
| Defendant. | |

Defendant-Counterclaimant Traffic Information, LLC ("Traffic") hereby answers the allegations in the "Complaint For Declaratory Relief In Patent Case" (hereinafter "Complaint") filed by Plaintiff-Counterclaim Defendant Google Inc. ("Google"), and asserts its Affirmative Defenses and Counterclaims, as follows:

## ANSWER

### JURISDICTION AND NATURE OF THE CASE

**1.** Traffic lacks knowledge or information sufficient to form a belief whether the averments of paragraph 1 of the Complaint are true, and therefore denies them.

**2.** Traffic admits that it is a limited liability company organized and existing under the laws of the State of Texas, that Kevin Russell is the Manager of Traffic, that Mr. Russell is one of the inventors of U.S. Patent Nos. 6,466,862 and 6,785,606 ("the Patents"), that Mr. Russell prosecuted the applications that resulted in the Patents, and that Mr. Russell has an office at 601 SW 2nd Avenue, Suite 1600, Portland, Oregon 97204-3157, but denies all remaining allegations of paragraph 2 of the Complaint.

**3.** Traffic admits that this Court has jurisdiction over the subject matter of this action under Title 35 of the United States Code, as well as pursuant to 28 U.S.C. §§ 1331 and 1338 insofar as the subject matter of this action relates to patents, and that Google seeks a declaration of rights in this action as alleged in paragraph 3 of the Complaint, but denies all remaining allegations of paragraph 3 of the Complaint.

**4.** Traffic admits that this Court has personal jurisdiction over it for purposes of this action.

**5.** Traffic admits that venue is proper in this district but denies that venue should be maintained in this district in accordance with 28 U.S.C. § 1404(a).

PAGE 1 -  TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

6.  Traffic lacks knowledge or information sufficient to form a belief whether the averments of paragraph 6 of the Complaint are true, and therefore denies them.

7.  Traffic admits the averments of paragraph 7 of the Complaint.

8.  The subject matter of paragraph 8 of the Complaint is covered by a confidentiality agreement that prevents Traffic from admitting or denying the averments thereof.

9.  While Google was given prior notice of the Patents, Traffic admits the averments of paragraph 9 of the Complaint.

10. Traffic denies the averments of paragraph 10 of the Complaint.

11. Traffic denies the averments of paragraph 11 of the Complaint.

12. Traffic denies the averments of paragraph 12 of the Complaint.

## CLAIM ONE

13. Traffic incorporates herein and restates as though fully set forth in this paragraph its responses to the averments of paragraphs 1-12 of the Complaint.

14. Traffic denies the averments of paragraph 14 of the Complaint.

15. Traffic denies that Google had an objectively reasonable apprehension that Traffic would bring a patent infringement action asserting the Traffic Patents against Google concerning the Google Maps traffic feature, and with respect to the remaining averments of paragraph 15 of the Complaint, Traffic is prevented from admitting or denying those averments as the subject matter thereof is covered by a confidentiality agreement.

16. Traffic admits that Google requests a judicial determination as stated in paragraph 16 of the Complaint, but denies that it is entitled to such determination and further denies all remaining averments of paragraph 16 of the Complaint.

PAGE 2 -  TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

17. Traffic denies the averments of paragraph 17 of the Complaint.

18. Traffic denies the averments of paragraph 18 of the Complaint.

## CLAIM TWO

19. Traffic incorporates herein and restates as though fully set forth in this paragraph its responses to the averments of paragraphs 1-18 of the Complaint.

20. Traffic denies the averments of paragraph 20 of the Complaint.

21. Traffic admits that Google requests a judicial determination as stated in paragraph 21 of the Complaint, but denies that it is entitled to such determination and further denies all remaining averments of paragraph 21 of the Complaint.

22. Traffic denies the averments of paragraph 22 of the Complaint.

23. Traffic denies the averments of paragraph 23 of the Complaint.

## EXCEPTIONAL CASE

24. Traffic denies the averments of paragraph 23 of the Complaint.

## PRAYER FOR RELIEF

Traffic denies that Google is entitled to relief of any sort.

## **AFFIRMATIVE DEFENSES**

Without altering the burden of proof, Traffic asserts the following affirmative defenses to Google's Complaint, which defenses are based upon Traffic's current investigation and prior to the results of any discovery from Google:

## FIRST AFFIRMATIVE DEFENSE

Google's Complaint, and each purported claim for relief alleged therein against Traffic, fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PAGE 3 -   TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

## SECOND AFFIRMATIVE DEFENSE

Traffic relies on the statutory presumption of patent validity and enforceability, which can only be overcome by clear and convincing evidence.

## THIRD AFFIRMATIVE DEFENSE

Google's claims against Traffic are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Google's claims against Traffic are barred because any action taken by Traffic was at all times legally justified.

## FIFTH AFFIRMATIVE DEFENSE

Traffic incorporates by reference the substance of its Counterclaims set forth below.

## RESERVATION OF AFFIRMATIVE DEFENSES

Traffic's investigation of its defenses is continuing, and Traffic reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the statutes of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff and Counter-Defendant Google Inc. ("Google"), Defendant and Counterclaimant Traffic Information, LLC ("Traffic") states as follows:

## THE PARTIES

1. Traffic is a limited liability company organized and existing under the laws of the State of Texas.

PAGE 4 - TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

2.      On information and belief, Google is a corporation organized and existing under the laws of Delaware, and having a principal place of business in Mountain View, California.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.  Subject-matter jurisdiction over Traffic's counterclaims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Google is subject to personal jurisdiction in this judicial district.

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), but venue for this matter should be in the United States District Court for the Eastern District of Texas, Marshall Division in accordance with 28 U.S.C. § 1404(a).

## COUNT I

## INFRINGEMENT OF THE '862 PATENT

6.      Traffic realleges and incorporates by reference the allegations in paragraphs 1-5 above as if fully set forth herein.

7.      On October 15, 2002, U.S. Patent No. 6,466,862 ("the '862 patent"), entitled "System For Providing Traffic Information," a copy of which is attached hereto as Exhibit A, was duly and legally issued.  Traffic is the owner by assignment of all right, title and interest in and to the '862 patent, including the right to sue for and recover all past, present and future damages for infringement of the '862 patent.

8.      Google has, alone and in conjunction with others, in the past and continues to infringe, contribute to infringement, and/or induce infringement of the '862 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, traffic information systems

PAGE 5 -   TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

and products and services that alone or in combination with other devices are covered by at least one claim of the '862 patent. Google is liable for infringement of the '862 patent pursuant to 35 U.S.C. § 271.

9. Google was given actual notice, and a copy, of the '862 patent by letter dated July 5, 2005 ("the Notice Letter").

10. Google received copies of the Notice Letter and '862 patent on July 8, 2005 and July 11, 2005.

11. Google had a copy of the '862 patent in its possession at least as early as July 8, 2005.

12. Despite having actual knowledge and a copy of the '862 patent, Google nevertheless infringed and has continued its infringement of the '862 patent. On information and belief, Google's infringement of the '862 patent has been willful and deliberate.

13. Google's acts of infringement have caused damage to Traffic, and Traffic is entitled to recover from Google the damages sustained by Traffic as a result of Google's wrongful acts in an amount subject to proof at trial.

14. As a consequence of the infringement complained of herein, Traffic has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Google is enjoined by this Court from committing further acts of infringement.

## COUNT II

### INFRINGEMENT OF THE '606 PATENT

15. Traffic realleges and incorporates by reference the allegations in paragraphs 1-14 above as if fully set forth herein.

PAGE 6 -  TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

16. On August 31, 2004, U.S. Patent No. 6,785,606 ("the '606 patent"), entitled "System For Providing Traffic Information," a copy of which is attached hereto as Exhibit B, was duly and legally issued. Traffic is the owner by assignment of all right, title and interest in and to the '606 patent, including the right to sue for and recover all past, present and future damages for infringement of the '606 patent.

17. Google has, alone and in conjunction with others, in the past and continues to infringe, contribute to infringement, and/or induce infringement of the '606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, traffic information systems and products and services that alone or in combination with other devices are covered by at least one claim of the '606 patent. Google is liable for infringement of the '606 patent pursuant to 35 U.S.C. § 271.

18. Google was given actual notice, and a copy, of the '606 patent by the Notice Letter.

19. Google received copies of the Notice Letter and '606 patent on July 8, 2005 and July 11, 2005.

20. Google had a copy of the '606 patent in its possession at least as early as July 8, 2005.

21. Despite having actual knowledge and a copy of the '606 patent, Google nevertheless infringed and has continued its infringement of the '606 patent. On information and belief, Google's infringement of the '606 patent has been willful and deliberate.

22. Google's acts of infringement have caused damage to Traffic, and Traffic is entitled to recover from Google the damages sustained by Traffic as a result of Google's wrongful acts in an amount subject to proof at trial.

PAGE 7 -  TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**23.** As a consequence of the infringement complained of herein, Traffic has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Google is enjoined by this Court from committing further acts of infringement.

### EXCEPTIONAL CASE

**24.** On information and belief, this is an exceptional case entitling Traffic to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285 as a result of, *inter alia*, Google's willful infringement of the '862 and '606 patents.

### PRAYER FOR RELIEF

**WHEREFORE,** Traffic prays for entry of judgment that:

**A.** Google has infringed, contributed to infringement of and/or induced infringement of the '862 patent and the '606 patent;

**B.** Google's infringement, contributory infringement and/or induced infringement of the '862 patent and the '606 patent has been willful and deliberate;

**C.** Google account for and pay to Traffic all damages caused by its infringement of the '862 patent and the '606 patent as complained of herein in accordance with 35 U.S.C. § 284;

**D.** The Court increase the amount of damages to three times the amount found or assessed by the Court because of the willful and deliberate nature of Google's infringement, in accordance with 35 U.S.C. § 284;

**E.** Traffic be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Google, its officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

**PAGE 8 -  TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

  **F.** Traffic be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Google's patent infringement complained of herein;

  **G.** Traffic be granted its reasonable attorneys' fees;

  **H.** Costs be awarded to Traffic; and,

  **I.** Traffic be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Traffic demands trial by jury on all claims and issues so triable.

Dated this 13th day of April, 2010.

    STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

    By: /s/ C. Dale Quisenberry
     **Robert A. Shlachter,** OSB No. 911718
     **Timothy S. DeJong,** OSB No. 940662

    209 S.W. Oak Street, Fifth Floor
    Portland, Oregon 97204
    Telephone: (503) 227-1600
    Facsimile: (503) 227-1600
    Email: rshlachter@stollberne.com
       tdejong@stollberne.com

    -AND-

    **C. Dale Quisenberry** (*admitted pro hac vice*)
    POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
    6750 West Loop South, Suite 920
    Bellaire, Texas 77401
    Telephone: (832) 778-6000
    Facsimile: (832) 778-6010
    Email: dquisenberry@pqelaw.com
    ***Attorneys for Defendant Traffic Information, LLC***

**PAGE 9 - TRAFFIC INFORMATION, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**