**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Thomas H. Shunk** (Ohio Bar No. 0025793)
TShunk@bakerlaw.com
(admitted *pro hac vice*)
**Christina J. Moser** (Ohio Bar No. 0074817)
cmoser@bakerlaw.com
(admitted *pro hac vice*)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GOOGLE INC.**,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**TRAFFIC INFORMATION LLC**,<br><br>　　　　　　Defendant. | No. CV09-642-HU<br><br>**REPLY TO COUNTERCLAIMS**<br><br>by Plaintiff Google, Inc. |

　　　Plaintiff Google Inc. ("Google") replies as follows to the Counterclaims pleaded by

defendant Traffic Information, LLC ("Traffic") in this matter:

1 - REPLY TO COUNTERCLAIMS

41063-0124/LEGAL18252897.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## THE PARTIES

1. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaims and on that basis denies those allegations.

2. Google admits the allegations of paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3. In response to the allegations of paragraph 3 of the Counterclaims, Google admits that this action is one involving issues of patent infringement and that this Court has subject matter jurisdiction over Traffic's counterclaims herein, except that Google denies that the counterclaims have merit.

4. In response to the allegations of paragraph 4 of the Counterclaims, Google admits that this Court has personal jurisdiction over Google in this matter, but so admits for purposes of this litigation only.

5. In response to the allegations of paragraph 5 of the Counterclaims, Google admits that this Court is the proper venue for this action, and denies that venue for this matter should be in the United States District Court for the Eastern District of Texas.

## COUNT I

6. Google incorporates the foregoing responses to the allegations of paragraphs 1 through 5 of the Counterclaims in response to the allegations of paragraph 6 of the Counterclaims.

7. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Counterclaims, and further notes that there were no attachments to the Counterclaims, and on that basis denies those allegations.

2-   REPLY TO COUNTERCLAIMS

41063-0124/LEGAL18252897.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

8. Google denies the allegations of paragraph 8 of the Counterclaims.

9. In response to the allegations of paragraph 9 of the Counterclaims, Google admits that it received a letter dated July 5, 2005, from Kevin L. Russell, addressed to Dr. Eric Schmidt, and a copy of U.S. Patent No. 6,466,862 ("the '862 Patent").  Further answering, however, Google lacks knowledge or information sufficient to form a belief as to whether the letter in Google's possession is the "Notice Letter" referred to by Traffic as no copy of the Notice Letter is provided by Traffic attached to the Counterclaims, and on that basis Google denies the allegations of paragraph 9 of the Counterclaims.  Further answering, Google denies that the July 5, 2005 letter received from Mr. Russell provides "Notice" of any claim by Traffic of patent infringement by Google.

10. Google lacks information to form a belief as to the truth of the allegations of paragraph 10 of the Counterclaims and on that basis denies them.

11. Google lacks information to form a belief as to the truth of the allegations of paragraph 11 of the Counterclaims and on that basis denies them.

12. Google denies the allegations of paragraph 12 of the Counterclaims.

13. Google denies the allegations of paragraph 13 of the Counterclaims.

14. Google denies the allegations of paragraph 14 of the Counterclaims.

## COUNT II

15. Google incorporates the foregoing responses to the allegations of paragraphs 1 through 14 of the Counterclaims in response to the allegations of paragraph 15 of the Counterclaims.

3- REPLY TO COUNTERCLAIMS

41063-0124/LEGAL18252897.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

16. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Counterclaims, and further notes that there were no attachments to the Counterclaims, and on that basis denies those allegations.

17. Google denies the allegations of paragraph 17 of the Counterclaims.

18. In response to the allegations of paragraph 18 of the Counterclaims, Google admits that it received a letter dated July 5, 2005, from Kevin L. Russell, addressed to Dr. Eric Schmidt, and a copy of U.S. Patent No. 6,785,606 ("the '606 Patent"). Further answering, however, Google lacks knowledge or information sufficient to form a belief as to whether the letter in Google's possession is the "Notice Letter" referred to by Traffic as no copy of the Notice Letter is provided by Traffic attached to the Counterclaims, and on that basis Google denies the allegations of paragraph 18 of the Counterclaims. Further answering, Google denies that the July 5, 2005 letter received from Mr. Russell provides "Notice" of any claim by Traffic of patent infringement by Google.

19. Google lacks information to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaims and on that basis denies them.

20. Google lacks information to form a belief as to the truth of the allegations of paragraph 20 of the Counterclaims and on that basis denies them.

21. Google denies the allegations of paragraph 21 of the Counterclaims.

22. Google denies the allegations of paragraph 22 of the Counterclaims.

23. Google denies the allegations of paragraph 23 of the Counterclaims.

### EXCEPTIONAL CASE

24. Google denies the allegations of paragraph 24 of the Counterclaims.

4-   REPLY TO COUNTERCLAIMS

41063-0124/LEGAL18252897.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIRST AFFIRMATIVE DEFENSE

[No Infringement]

25.     Google has not infringed and does not infringe, either directly, contributorily or through inducement, any valid and enforceable claim of the '862 Patent or the '606 Patent (together, the "Patents In Suit").

## SECOND AFFIRMATIVE DEFENSE

[Invalidity And Unenforceability]

26.     The claims of the Patents In Suit asserted against Google are invalid, unenforceable and/or void for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, for reasons that include but are not limited to those set out in the Petitions for Reexamination of the Patents In Suit filed with the United States Patent and Trademark Office.

## THIRD AFFIRMATIVE DEFENSE

[Laches, Waiver, Estoppel, Unclean Hands]

27.     By their delay in asserting the claims stated in the Counterclaims and otherwise through their conduct, Plaintiffs have waived their right to assert those claims, or are equitably barred from asserting those claims by the doctrines of estoppel, laches and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

[Implied License, Express License, Consent, Patent Exhaustion]

5-   REPLY TO COUNTERCLAIMS

41063-0124/LEGAL18252897.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

28. If Traffic has authorized, or should come to authorize, any entity to utilize Google's products in connection with the offer for sale, sale or use of that entity's mobile phone, any claim against Google relating to that offer for sale, sale or use is barred by the doctrines of implied license, express license, consent or patent exhaustion.

## REQUEST FOR RELIEF

WHEREFORE, Google demands a trial by jury and demands judgment against Traffic as follows:

A. For a declaratory judgment that Google Maps, including Google Maps for Mobile, does not infringe the Traffic Patents.

B. For a declaratory judgment that the Traffic Patents are invalid.

C. For the cost of this action, together with an assessment of interest and reasonable attorney fees;

D. For an Order precluding Traffic from commencing or maintaining any action against Google, Google's customers or end users, with regard to the sale and/or use in commerce of Google Maps, including Google Maps for Mobile;

E. For dismissal of each and every one of Traffic's Counterclaims against Google; and

F. For such other and further relief as this Court may deem just and proper.

6-   REPLY TO COUNTERCLAIMS

41063-0124/LEGAL18252897.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  May 3, 2010

Respectfully submitted,

_____/s/ Thomas H. Shunk_____
Thomas H. Shunk (Ohio Bar No. 0025793)
Christina J. Moser (Ohio Bar No. 0074817)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio  44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

(admitted *pro hac vice*)


_____/s/ Julia E. Markley_____
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff

7-   REPLY TO COUNTERCLAIMS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

41063-0124/LEGAL18252897.2