IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GOOGLE, INC.**,

        Plaintiff,

        v.

**TRAFFIC INFORMATION, LLC,**

        Defendant.

No. 3:09-cv-00642-HU

OPINION AND ORDER

**MOSMAN, J.**,

On May 4, 2011, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [62] in the above-captioned case recommending construction of claims terms that the parties tendered for claim construction. Defendant filed objections [68], plaintiff responded [77], and defendant replied [91]. Plaintiff also filed objections [69], defendant responded [78], and plaintiff replied [93].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

1 – OPINION AND ORDER

(9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

I have examined the construction of the terms that the parties have objected to de novo. In most instances, I have either adopted Magistrate Judge Hubel's claim construction in its entirety, or made minor linguistic changes. When I do diverge substantively, the parties will find my construction in line with the conclusions that I proffered at oral argument. Therefore, I have not provided lengthy reanalysis in either situation with regard to the claim construction that follows.

## CLAIM CONSTRUCTION

| Term | Construction |
|---|---|
| Traffic Information | The speed, motion, density, flow, frequency, and/or other data representative of the movement of vehicles on a road as detected by one or more traffic monitors. |
| Traffic Information Representative of Said Signals Transmitted by Said Traffic Monitors | Traffic information detected and transmitted by traffic monitors. |
| Traffic Information Database Containing Data Representative of Traffic | Traffic information collected by traffic monitors and/or mobile user stations, and transmitted and stored in the computer system. |
| Information Representative of Selected Portions of said Traffic Information Database | Certain data from the map database and certain data from the traffic database are transmitted to the mobile user station. |
| In Response to a Request for Traffic Information | The computer system supplies traffic information contemporaneously with the request for the information from the mobile user station. |
| Vehicular Movement | The actual movement of vehicles along the road, including the speed, and change of position on the road. |
| Traffic Monitor | Any device used to sense, measure, detect, and/or determine vehicular movement, and transmit a signal representative of vehicular movement. |
| Mobile User Station | A mobile device that is capable of determining, transmitting, or receiving, and displaying traffic information. |

2 – OPINION AND ORDER

## CONCLUSION

Upon review, I ADOPT Judge Hubel's F&R [62] as my own opinion as to the following claim terms: Traffic Information Representative of Said Signals Transmitted by Said Traffic Monitors; Traffic Information Database Containing Data Representative of Traffic; In Response to a Request for Traffic Information; and Vehicular Movement. The remaining claim terms should be construed as addressed herein: Traffic Information; Information Representative of Selected Portions of said Traffic Information Database; Traffic Monitor; and Mobile User Station.

IT IS SO ORDERED.

DATED this ___7th___ day of October, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court